[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15382
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00208-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE D. COGDELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2014)



Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Andre D. Cogdell, proceeding *pro se*, appeals the district court's denial of both his post-judgment Fed.R.Crim.P. 36 motion to correct purported errors in the record, as well as a following motion for reconsideration.   A federal grand jury charged Cogdell with (i) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One); (ii) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and (iii) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).  A jury later convicted him of each charge.  On appeal, Cogdell argues that the U.S. Probation Office's presentence investigation report ("PSI") and his final criminal judgment each incorrectly state that he was convicted under Count One of violating 21 U.S.C. § 841(b)(1)(B), rather than § 846, as charged in the indictment.  We affirm the denials.

We review the district court's application of Rule 36 *de novo*.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).  The district court's denial of a motion for reconsideration, however, is reviewed more deferentially for an abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

Rule 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or

2

omission." Fed.R.Crim.P. 36. Rule 36 does not allow for a substantive correction or alteration to a criminal sentence. *Portillo*, 363 F.3d at 1164. Instead, Rule 36 is intended for situations where, for example, the written judgment needs to conform to the oral sentence. *Id.* Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, we have permitted parties to file such motions in criminal cases. *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).

Under 21 U.S.C. § 846, "[a] person who attempts or conspires to commit any offense . . . shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. As this language indicates, a violation of § 846 for drug offenses is punished according to § 841(b), which prescribes different maximum sentences depending on the type and quantity of the controlled substance involved. *See id.* §§ 846, 841(a), (b). Under § 841(b)(1)(B), a defendant -- like Cogdell -- found to have distributed 500 grams or more of cocaine, after having been already convicted of a prior felony drug offense, is subject to a statutory penalty of 10 years to life imprisonment. *Id.* § 841(b)(1)(B).

The district court correctly denied Cogdell's motions. Cogdell was indicted under Count One for conspiracy to possess cocaine with intent to distribute, in violation of § 846. A jury convicted him of that charge, and the PSI and final

judgment show that each document plainly reflects as much.  Because no clerical error appears in the PSI or final judgment, the district court did not err in denying Cogdell's Rule 36 motion.  For that same reason, the district court did not abuse its discretion in denying his following motion for reconsideration.

**AFFIRMED.**