[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11202
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00046-WTH-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

NOEL HERNANDEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 19, 2015)


Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

After Defendant Noel Hernandez pled guilty to theft of government funds, in violation of 18 U.S.C. § 641, the government moved the district court for entry of a forfeiture money judgment of $117,659, the amount of loss sustained by the Social Security Administration as a result of Hernandez's offense. In its motion, the government acknowledged that the district court was required to impose restitution. At sentencing, the district court denied the government's forfeiture motion, but ordered Hernandez to pay restitution in the amount of $117,659. The government appeals, arguing that the district court was required by law to enter a forfeiture money judgment.

Hernandez does not cross-appeal. Further, Hernandez concedes that the district court was required by statute both to impose a forfeiture money judgment against him and to order restitution. Hernandez instead argues that we may affirm the district court's ruling because the imposition of both forfeiture and restitution orders would violate the Fifth Amendment's prohibition against double jeopardy.

After review, we conclude that the district court erred in denying the government's forfeiture motion.[1] Civil forfeiture was authorized against Hernandez for his theft-of-government-funds offense under 18 U.S.C. § 981, the civil forfeiture statute applicable in this case. See 18 U.S.C. § 981(a)(1)(C) (providing that "[a]ny property, real or personal, which constitutes or is derived

---

[1]This Court reviews de novo a district court's legal conclusions regarding forfeiture. United States v. Browne, 505 F.3d 1229, 1278 (11th Cir. 2007).

from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" as defined in 18 U.S.C. § 1956(c)(7) is subject to civil forfeiture); 18 U.S.C. § 1956(c)(7)(D) (including in the list of "specified unlawful activity" offenses under 18 U.S.C. § 641).  In turn, 28 U.S.C. § 2461(c) provides:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure.  If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . .

28 U.S.C. § 2461(c) (emphasis added).  This Court has explained that "Congress enacted 28 U.S.C. § 2461(c) . . . to make criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized."  United States v. Padron, 527 F.3d 1156, 1161-62 (11th Cir. 2008).  As in Padron, "since civil forfeiture is legally authorized by 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) makes criminal forfeiture available for" theft of government funds as well.  Id. at 1162.

In its indictment, the government alleged that Hernandez "shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation."  Because civil forfeiture was authorized and the government

3

included notice of the forfeiture in Hernandez's indictment, the district court was required by § 2461(c) to order forfeiture as part of his sentence. See 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a), (b).

In addition, under the Mandatory Victims Restitution Act of 1996, the district court was required to order restitution for the full loss suffered by the Social Security Administration. See 18 U.S.C. §§ 3663(c)(1), 3664(f)(1)(A). In doing so, the district court could not offset the amount of restitution by the amount subject to forfeiture or consider Hernandez's economic circumstances. See United States v. Joseph, 743 F.3d 1350, 1354 (11th Cir. 2014). Thus, the district court was required by law both to grant the forfeiture motion and order full restitution, and it erred when it denied the government's forfeiture motion on the ground that it had also ordered Hernandez to pay restitution.

Hernandez's double jeopardy argument is also unavailing. Where multiple criminal punishments are statutorily authorized for the same offense, but do not occur in successive proceedings, there is no Double Jeopardy Clause violation. See Hudson v. United States, 522 U.S. 93, 98-99, 118 S. Ct. 488, 493 (1997). Although this Court has not directly addressed whether imposing both restitution and forfeiture judgments for a single offense implicates the prohibition on double jeopardy, this Court has held that Congress intended restitution and forfeiture to serve distinct roles in sentencing. See Joseph, 743 F.3d at 1354 ("While restitution

4

seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice."); see also United States v. Browne, 505 F.3d 1229, 1281 (11th Cir. 2007); United States v. Contorinis, 692 F.3d 136, 146 (2d Cir. 2012) (explaining that forfeiture in criminal proceedings under 18 U.S.C. § 981, the civil forfeiture statute, is an in personam proceeding, serves no remedial purpose, and is designed to punish the offender).  Because restitution and forfeiture serve different purposes, imposition of both does not implicate double jeopardy. See, e.g., United States v. Venturella, 585 F.3d 1013, 1019-20 (7th Cir. 2009) (explaining that imposing restitution payable to the victim and forfeiture in favor of the Department of Justice for the same crime does not implicate double jeopardy concerns because they serve different goals); see also United States v. Wittig, 575 F.3d 1085, 1096 (10th Cir. 2009) (explaining that forfeiture is a component of a sentence rather than a distinct offense to which double jeopardy may otherwise apply).  Furthermore, given that the Social Security Administration and the Department of Justice are distinct entities, there is no "double recovery," as Hernandez suggests.  See, e.g., United States v. Taylor, 582 F.3d 558, 565-66 (5th Cir. 2009) (rejecting double recovery challenge to the imposition of both restitution and forfeiture orders where restitution went to the Federal Emergency Management Agency and the forfeited property went to the Department of Justice).

5

Accordingly, we vacate Hernandez's judgment and remand to the district court with instructions to re-impose Hernandez's sentence so that it includes both a forfeiture money judgment and restitution order, each in the amount of $117,659.

**VACATED AND REMANDED.**