[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11432

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

ALAN TRENT HARLEY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00235-PGB-LRH-1

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals Alan Harley's sentence of 15 months' imprisonment for wire fraud. It argues the court erred by crediting Harley's forfeiture toward his restitution obligation and lacked jurisdiction to modify the forfeiture order and judgment beyond the timeframe provided by Federal Rule of Criminal Procedure 35(a). After review,[1] we vacate and remand.

District courts must order restitution in the full amount of each victim's loss in wire fraud cases. *United States v. Dickerson*, 370 F.3d 1330, 1335-36 (11th Cir. 2004). Imposition of forfeiture is mandatory if a statute states that courts shall order forfeiture. *United States v. Hatum*, 969 F.3d 1156, 1162 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 72 (2021). If a person is convicted of wire fraud and the government provides notice of the forfeiture in the indictment, the court shall order forfeiture. 28 U.S.C. § 2461(c); *United States v. Foley*, 508 F.3d 627, 635 (11th Cir. 2007).

A defendant is not entitled to offset his restitution obligation by the value of property forfeited to the government because

---

[1] We review *de novo* the legality of restitution and forfeiture orders, a finding that a fine is constitutionally excessive, and questions of jurisdiction. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003); *United States v. Hatum*, 969 F.3d 1156, 1162 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 72 (2021); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002).

forfeiture and restitution serve different purposes. *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014). A district court generally has no authority to order such an offset. *Id.* If the funds from forfeiture and restitution go to different parties, requiring a defendant to pay both forfeiture and restitution does not result in an impermissible double recovery. *United States v. Hernandez*, 803 F.3d 1341, 1344 (11th Cir. 2015).

The Eighth Amendment prohibits the imposition of excessive fines. U.S. Const. amend. VIII. A fine is excessive if it is grossly disproportionate to the gravity of an offense. *United States v. Sperrazza*, 804 F.3d 1113, 1126-27 (11th Cir. 2015). Forfeiture is generally constitutional if the value of the forfeited property is within or near the range of fines permitted by the Guidelines. *Id.* A defendant who derives pecuniary gain from an offense or causes another person to suffer a pecuniary loss may be fined up to twice his gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

Crediting Harley's forfeiture obligation toward the restitution amount was erroneous.[2] The court was required to impose forfeiture. 28 U.S.C. § 2461(c); *Foley*, 508 F.3d at 635. Harley was not entitled to have his restitution offset by his forfeiture, and the court lacked authority to order it. *See Joseph*, 743 F.3d at 1354.

---

[2] The court's oral forfeiture pronouncement does not override the forfeiture and judgment because there is no unambiguous conflict. *See United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (stating if an orally pronounced sentence unambiguously conflicts with the written judgment, the pronouncement controls).

4                    Opinion of the Court                    21-11432

Ordering Harley to pay both forfeiture to the Government and res-titution to Medicare did not result in an impermissible double re-covery. *See Hernandez*, 803 F.3d at 1344. Harley's combined res-titution and forfeiture obligations, equal to double the loss he caused of $876,893.63, was presumptively not an excessive fine be-cause it was within the Guidelines fine range. *See Sperrazza*, 804 F.3d at 1126-27. Furthermore, a fine of double the loss Harley caused was not grossly disproportionate to Harley's offense of de-frauding Medicare for nearly a million dollars.

Accordingly, we vacate and remand.[3]

**VACATED AND REMANDED.**

---

[3] The court originally entered judgment on March 25, 2021. The court did not address the Government's motion for clarification of its forfeiture order until June 22, 2021. The Government's appeal is not mooted by the court's correc-tion of its error because the court amended its forfeiture order and judgment beyond the 14 days provided by Rule 35(a) and thus lacked jurisdiction. Fed. R. Crim. P. 35(a); *United States v. Phillips*, 597 F.3d 1190, 1197 (11th Cir. 2010) (providing a district court may correct a sentence within the time provided by Rule 35(a), but lacks jurisdiction to modify a sentence outside of that timeframe).