[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11863
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60234-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADONAY ORLANDO CORDON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 1, 2015)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Adonay Orlando Cordon appeals denial of his pro se motion to correct a clerical error in his sentencing judgment for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  We affirm.

## I.  BACKGROUND

Cordon, a citizen of Guatemala, was arrested in June 2007 by state law-enforcement officers for aggravated battery and placed in state custody.  He pled guilty in state court to the aggravated-battery charge and was sentenced in 2008 to 78.2 months of imprisonment.  His projected release date for the state crime was September 2013.

Investigation of federal databases conducted at the time of his arrest revealed Cordon was an alien, who had been removed from the United States in 2004.  Consequently, a federal grand jury indicted him on one count of unlawfully reentering the United States after having been removed.  Cordon pled guilty.

At his federal sentencing on July 24, 2009, Cordon personally requested the district judge to run his federal sentence concurrently with his state sentence.  After stating he had considered the 18 U.S.C. § 3553(a) factors, the judge imposed a sentence of 70 months of imprisonment.  The judge did not specify whether Cordon's federal sentence would run concurrently with or consecutively to his state sentence.  When Cordon's counsel asked for clarification regarding the date from which Cordon's sentence would run, the judge responded: "The sentence

starts to run from today's date."  R at 92.  The written judgment and commitment order was silent concerning whether Cordon's federal sentence was to run concurrently with or consecutively to his state sentence.

Cordon did not appeal his conviction or sentence.  In April 2015, Cordon filed a pro se motion to correct his sentence under Federal Rule of Criminal Procedure 36.  Cordon asserted the district judge had failed to state whether his federal sentence was to run concurrently with or consecutively to his state sentence.  Because his judgment and commitment order was silent in that regard, the Bureau of Prisons had run the federal sentence consecutively to his state-imprisonment term.  Cordon requested the judge to modify the judgment and commitment order to state his sentences were to run concurrently, and he would receive credit for time served from the date of his arrest.

In denying Cordon's motion, the district judge stated: "This Court finds no clerical error addressed by Rule 36 of the Federal Rules of Criminal Procedure, nor does the Court find that the sentence was illegal."  R at 105.  On April 28, 2015, Cordon filed both a "Motion for Reconsideration Request for Clarification of Sentence Whether the Sentence is Concurrent or Consecutive" ("motion for clarification") and noticed  appeal of denial of his Rule 36 motion.  R at 106.  The judge granted Cordon's motion for clarification and stated: "Since the Court did not order its sentence to run concurrently with Mr. Cordon's state sentence, 18

3

U.S.C. § 3584(a) mandates that the sentence be run consecutively to the state sentence."  R at 114.

Cordon sought reconsideration of the clarification order and argued the judge had erred in stating the sentences were to be served consecutively, because he had not stated his reasons for imposing the consecutive sentences and had not considered the 18 U.S.C. § 3553(a) factors in his clarifying order.  Cordon requested that the district judge correct his judgment of conviction to show his federal sentence ran partially concurrently with his state sentence, beginning from July 24, 2009.  The district judge denied Cordon's motion; Cordon did not file a notice of appeal from that order.

## II.  DISCUSSION

We review de novo a district judge's application of Federal Rule of Criminal Procedure 36.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).  After giving notice, Rule 36 provides a district judge, "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Rule 36 may not be used to make substantive changes to a defendant's sentence; it may be used to correct only mistakes that are minor or mechanical in nature.  *Portillo*, 363 F.3d at 1164-65.  A judge may, however, correct errors in the written judgment to ensure that the judgment accurately reflects the oral sentence.  *Id.* at 1164.  "Where

4

a sentence is pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement controls." *Id.* at 1165.

Rule 3 of the Federal Rules of Appellate Procedure provides a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B).  Although courts liberally construe the requirements of Rule 3, those requirements are jurisdictional and must be satisfied as a prerequisite to appellate review.  *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 681-82, 116 L. Ed. 2d 678 (1992).  We have exercised jurisdiction to review the denial of a post-appeal motion despite the defendant's failure to file a separate notice of appeal from the denial of that motion.  *United States v. Brester*, 786 F.3d 1335, 1338 (11th Cir. 2015).  Recognizing that "it is clearly the better practice to perfect a separate appeal from the denial of a [post-appeal] motion," we nevertheless concluded that, where the government was not prejudiced and the parties briefed the issue on appeal, we had jurisdiction to review the post-appeal motion.  *Id.* at 1338-39; *see also United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990) ("Without a showing of prejudice against the government, it would be unreasonable and unfair to refuse to consider an issue which was thoroughly briefed and clearly recognized as an issue by both parties.") (internal quotation marks and alterations omitted)).

We conclude we do not have jurisdiction to review the district judge's decisions on Cordon's post-appeal motions for clarification and reconsideration, because he did not perfect an appeal from those orders. *See* Fed. R. App. P. 3(c)(1)(B); *Smith*, 502 U.S. at 248, 112 S. Ct. at 681-82.  Unlike *Brester* and *Wilson*, both parties have not "thoroughly briefed and clearly recognized" the issue for appellate review, because the government does not mention Cordon's post-appeal motions in the fact section of its brief or explicitly address those motions in its argument section. *Brester*, 786 F.3d at 1338-39; *Wilson*, 894 F.2d at 1252. Therefore, we address only the denial of Cordon's Rule 36 motion.

The district judge did not err in denying Cordon's Rule 36 motion to correct his sentence.  First, the error Cordon sought to correct was not truly a "clerical error" within the meaning of Rule 36, since the oral pronouncement was not unambiguous on the issue of whether Cordon's federal and state sentences would run concurrently or consecutively. *Portillo*, 363 F.3d at 1164-65.  At sentencing, the judge never explicitly ruled on Cordon's request that his federal sentence run concurrently with his undischarged state sentence.  Moreover, although the judge's statement that the federal sentence would run from the date of sentencing suggests the federal and state sentences were to run at least partially concurrently, it is not unambiguous.  Consequently, the fact that the written judgment is silent regarding whether the federal sentence runs concurrently or consecutively is not clearly in

6

conflict with the district judge's oral pronouncement.  *See Portillo*, 363 F.3d at 1165.  Likewise, Cordon's argument that the district judge erred in failing to consider the 18 U.S.C. § 3553(a) factors at sentencing is not cognizable under Rule 36, because it is an argument concerning the substantive reasonableness of his sentence, rather than a clerical error.  *See id.* at 1164.  The district judge lacked authority under Rule 36 to make the correction Cordon sought and did not err in denying his motion.  *See* Fed. R. Crim. P. 36; *Portillo*, 363 F.3d at 1164-65.

**AFFIRMED.**