[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12115
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00122-SCB-EAJ-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT TERRILL JONES,
a.k.a. Berto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2017)

Before ED CARNES, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Albert Jones, proceeding pro se, appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct what he contends are clerical errors in the record.  He argues that the district court's recalculation of his guidelines range under Amendment 706 was necessarily based on its decision to lower the drug quantity finding it had made at his initial sentence hearing.

In 2003 a jury found Jones guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), (B), and 846.  At the sentence hearing, based on the amount of drugs Jones was accountable for, the court calculated that his base offense level was 34.  With the applicable enhancements and criminal history, his total offense level was 38 and his guidelines range was 292 to 365 months imprisonment.  The court sentenced Jones to 300 months imprisonment.  Jones appealed his conviction and sentence, but did not challenge the district court's drug quantity finding.  We affirmed. United States v. Jones, 149 F. App'x 954 (11th Cir. 2005) (unpublished).

In 2008 Jones filed a motion under 18 U.S.C. § 3582(c)(2) seeking to modify or reduce his sentence based on Amendment 706 to the United States Sentencing Guidelines.  In its order granting that motion, the district court did not recalculate Jones' base offense level.  Instead, it found that under Amendment 706 Jones' total offense level should be reduced from 38 to 36, resulting in a guidelines

range of 235 to 293 months imprisonment.  It then entered an amended judgment,

resentencing Jones to 243 months imprisonment.  Jones appealed the amended

judgment.

A few months later, and while Jones' appeal was still pending, the district

court entered an order scheduling a status conference, noting that:

> The Court found that Jones was eligible for the two level reduction [under Amendment 706] and reduced his sentence from 300 to 243 months on November 18, 2008.  The Court now believes that was incorrect.  The sentencing transcript reflects that Jones was held accountable for 15 kilograms of powder cocaine in addition to the 50 grams of crack cocaine and . . . was ineligible for a reduction based on the large amount of powder cocaine.

(Citation omitted).  In other words, the district court realized that it had

erroneously granted Jones' Amendment 706 motion and reduced his sentence.

While Amendment 706 lowered Jones' base offense level as to his crack cocaine

offenses, the district court had erroneously overlooked the fact that the base levels

for Jones' other offenses remained at 34, which would make him ineligible for any

sentence reduction under Amendment 706.[1]  And, as it turns out, Jones' base

offense level for his powder cocaine offense remained at 34 under Amendment

706, leaving his guidelines range unchanged.  For that reason, the district court

---

[1] Amendment 706 provided a two-level reduction in base offense levels for crack cocaine offenses.  See United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008).  However, a district court lacks authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) if the reduction in the base offense level does not lower the sentencing range on which the original sentence was based.  Id. at 1330.  Jones received an unauthorized benefit when the district court reduced his total offense level from 38 to 36 without considering whether his base offense level of 34 was itself reduced.

3

recognized, it had erroneously applied Amendment 706 to reduce Jones' sentence in 2008. At the status conference, however, the district court found that it lacked jurisdiction to fix the error because Jones' appeal from the reduced sentence judgment was still pending.

In 2014 Jones filed another motion under § 3582(c)(2), seeking to have his sentence reduced in light of Amendment 782, which he contended lowered his base offense level. Jones also filed a Rule 36 motion to correct the record, requesting that the district court correct what he described as clerical errors appearing in the record. The court denied Jones' Rule 36 motion, finding that there were no clerical errors. In the same order, it denied Jones' motion seeking to have his sentence reduced in light of Amendment 782. The court pointed out that at Jones' initial sentence hearing it had held him accountable for at least 15 kilograms of cocaine, which, under Amendment 782, gave him a base offense level of 32, a total offense level of 36, and a guidelines range of 235 to 293 months imprisonment. And because the court's 2008 order had already lowered his guidelines range to 235 to 293 months imprisonment, Amendment 782 did not have the effect of lowering his guidelines range. As a result, the court had no authority to reduce his sentence under § 3582(c)(2). Jones filed a motion for reconsideration, which the district court denied.

4

Jones now appeals the district court's denial of his Rule 36 motion, which we review de novo. United States v. Davis, 841 F.3d 1253, 1261 (11th Cir. 2016). He contends that the district court should have "corrected" its finding at his initial sentence hearing — where it found him responsible for at least 15 kilograms of cocaine — to reflect what he contends was the district court's later finding that he was responsible for less than 15 kilograms of powder cocaine. He bases that contention on his assertion that the district court could have granted his Amendment 706 motion under § 3582(c)(2) in 2008 only if it had found him responsible for less than 15 kilograms of cocaine. It follows, Jones says, that because the district court must have amended its drug quantity finding as to the amount of powder cocaine attributable to him, the record should be corrected to reflect that amended finding.

As an initial matter, the record shows that the district court, when it erroneously granted Jones' 2008 motion, did not amend the drug quantity findings that were made at his initial sentence hearing. As the court explained in a later order, it had erred in granting the 2008 motion because, "based on the large amount of powder cocaine" attributable to Jones, he was not eligible for relief under Amendment 706. The court granted Jones' 2008 motion not because it decided to change its powder cocaine quantity finding but instead because the

court overlooked the powder cocaine quantity finding that it had made at his initial sentence hearing.

Not only that, but when the district court ruled on Jones' 2008 motion it did not have the authority to revisit and amend its drug quantity finding even if it wanted to do so.  See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a [de novo] resentencing.  Indeed, we have held that all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") (citation omitted).  As a result, in granting Jones' 2008 motion and reducing his sentence, the district court did not amend and lower its drug quantity finding as to the amount of powder cocaine for which he was responsible.  For that reason, the district court's drug quantity finding at his initial sentence hearing is not an error in need of correction.

And in any event, the district court did not have the power under Rule 36 to correct any mistake involving the drug quantity finding.  Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Clerical mistakes are those that are "minor and mechanical in nature."  United

States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004). "It is clear . . . that Rule 36 may not be used to make a substantive alteration to a criminal sentence." Davis, 841 F.3d at 1261 (quotation marks omitted). Changing a fact finding about the quantity of powder cocaine is a substantive alteration and not one fixing a clerical mistake or an error arising "from oversight or omission." The district court properly denied Jones' Rule 36 motion.[2]

**AFFIRMED.**[3]

---

[2] Jones does not contend that even if the amount of cocaine he is accountable for remains unchanged, Amendment 782 reduces his base offense level. It is clear that under Amendment 782 his base offense level remains at 32 and his guidelines range is unchanged. And while Jones included in his notice of appeal the district court's denial of his motion for reconsideration, he has failed to brief the merits of that denial. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] Jones has also filed in this Court a motion to file his reply brief out of time. That motion is GRANTED.

7