[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17047
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-14039-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNIEL GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Anniel Gomez appeals the district court's denial of his "Motion for Proving Official Record and Correcting Clerical Error," filed pursuant to Federal Rule of Criminal Procedure 36.  After careful review, we affirm.

## I.    BACKGROUND

In 2007, Defendant pled guilty pursuant to a written plea agreement to conspiring to maintain a place to manufacture or distribute marijuana, in violation of 21 U.S.C. §§ 846 and 856(a)(1), and conspiring to manufacture, distribute, and dispense 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  At the change-of-plea hearing, the Government explained that if the case had gone to trial, the Government would have proved that Defendant and his co-conspirators conspired to grow and harvest marijuana inside several homes throughout Florida.  The Government also stated that it would have established that during the conspiracy, Defendant got into an altercation with his uncle, Jesus Miranda, which ultimately led to Defendant stabbing Miranda to death.  Defendant agreed to the factual basis for the plea, and acknowledged that Miranda's death could affect his guidelines calculations.

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR").  The probation officer grouped both counts together and applied a base offense level of 38, pursuant to U.S.S.G. § 2A1.2, because the offense involved the second-degree murder of a victim.  With a three-level

reduction for acceptance of responsibility, the total offense level was 35.  Based on a total offense level of 35 and a criminal history category of I, the guideline range was 168 to 210 months' imprisonment.  Defendant objected to the base offense level, arguing that the conduct related to Miranda's death constituted voluntary manslaughter, not second-degree murder.

At sentencing, Defendant reiterated his objection to the base offense level. The Government called two witnesses, including Defendant's brother, who testified that Defendant and Miranda got into a fist-fight over money, Miranda grabbed Defendant by the neck, and while Miranda was choking him, Defendant stabbed Miranda twice in the back.  Miranda fell to the floor and asked Defendant, "[W]hy are you doing this to me."  Defendant told Miranda he "deserve[d] it," and then stabbed Miranda in the chest.  The Government also called Defendant's brother-in-law, who testified that Defendant had told him that he killed Miranda. Finally, Defendant testified on his own behalf, and stated that he was not involved in his uncle's death.  The district court found that Defendant's conduct constituted second-degree murder and ultimately sentenced him to 365 months' imprisonment.[1]

---

[1]  Based on Defendant's testimony, which contradicted the factual basis for the plea, the district court determined that he was not entitled to a reduction for acceptance of responsibility and that he also warranted an upward adjustment for obstruction of justice.  As a result, the district court calculated an amended guideline range of 292 to 365 months' imprisonment.

We affirmed on appeal, concluding in relevant part that the district court did not clearly err by finding that Defendant's conduct constituted second-degree murder. *See United States v. Gomez*, 334 Fed. App'x 242, 247 (11th Cir. 2009). Defendant later filed an unsuccessful motion to vacate pursuant to 28 U.S.C. § 2255.

In 2016, Defendant filed the present "Motion for Proving Official Record and Correcting Clerical Record," pursuant to Rule 36.[2]  Defendant explained that he had pled guilty in 2007 to conspiring to maintain a place to manufacture marijuana and conspiring to manufacture and distribute 100 or more marijuana plants.  However, he had recently filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, but that motion was denied on the ground that Defendant was sentenced based on murder, not drugs.  He argued that it was unconstitutional that he was sentenced for murder and that the record needed to be corrected.

The district court denied Defendant's motion and this appeal followed.

---

[2]  In his motion, Defendant also referenced Federal Rule of Criminal Procedure 27, which provides that "[a] party may prove an official record, an entry in such a record, or the lack of a record or entry in the same manner as in a civil action." *See* Fed. R. Crim. P. 27.  On appeal, Defendant makes only a passing reference to Rule 27 by stating that he "is certain that the Government concedes that the subject documents are in fact authentic, and we can move on to the clerical error."  He has therefore abandoned any argument pertaining to Rule 27. *See Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (explaining that a party abandons an argument on appeal by only making a passing reference to the claim).

4

## II.    DISCUSSION

Defendant argues that the district court erred by denying his motion to correct the record under Rule 36 because the PSR incorrectly included his uncle's death in his guidelines calculations.

We review *de novo* a district court's application of Rule 36. *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).  Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence."  *Davis*, 841 F.3d at 1261 (quotations omitted).  Indeed, Rule 36 is meant to correct errors that are "minor and mechanical in nature."  *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004).

Here, the district court did not err by denying Defendant's Rule 36 motion because he requested a substantive, not clerical, change to his PSR.  At sentencing, Defendant objected to the PSR's assignment of a base offense level of 38 under U.S.S.G. § 2A1.2—the provision governing second-degree murder.  The district court overruled Defendant's objection and calculated his guideline range pursuant to § 2A1.2.  Defendant's request for correction of his PSR pertaining to the alleged erroneous application of § 2A1.2 in calculating his guideline range is not "minor

5

and mechanical in nature," as it would substantively alter his guideline range.

*Portillo*, 363 F.3d at 1165.  Because Rule 36 cannot be used to make a substantive

change, the district court properly denied Defendant's motion.

**AFFIRMED.**