**Shekenia Yolanda GAY, Plaintiff-Appellant,**

v.

**ACTING COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.**

**No. 16-17295**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(August 29, 2017)

tion. Fed. R. Civ. P. 60(b).

979

N, Albert Bacharach, Jr., N. Albert Bacharach, Jr., PA, Gainesville, FL, for Plaintiff-Appellant

Timothy Stevens, Depak Sathy, Rylan L. Smith, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Atlanta, GA, Christopher P. Canova, Peter G. Fisher, U.S. Attorney's Office, Tallahassee, FL, for Defendant-Appellee

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Shekenia Gay appeals the district court's order affirming the Social Security Commissioner's denial of her application for supplemental security income ("SSI") benefits, 42 U.S.C. § 1381. On appeal, Gay argues that the Administrative Law Judge ("ALJ") failed to give adequate weight to the opinion of her treating physician. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this limited standard of review, we may not make factfindings, re-weigh the evidence, or substitute our judgment for that of the ALJ. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

Absent "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011); see also 20 C.F.R. § 416.927(c). Good cause may exist under a variety of circumstances: (1) the treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Winschel, 631

F.3d at 1179. The ALJ must articulate clearly the reasons for giving less weight to the treating physician's opinion. Id.

The ALJ applied correctly the five-step evaluation process set forth in 20 C.F.R. § 416.920(a) and determined that Gay was not disabled for purposes of demonstrating SSI eligibility.

The ALJ first determined that Gay had engaged in no substantial gainful activity since her application date and that Gay had severe impairments, including affective disorders, anxiety-related disorders, and a history of cocaine and alcohol abuse. The ALJ then concluded that Gay had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels with simple, routine tasks; no exposure to the general public and only occasional collaborative efforts with co-workers and supervisors." Gay was, thus, capable of performing her past relevant work as a kitchen helper. In the alternative, the ALJ determined that Gay was also capable of performing other jobs in the national economy. Given Gay's age, education, work experience, and RFC, the ALJ concluded that Gay was "not disabled."

In assessing Gay's RFC, the ALJ considered—in pertinent part—a Mental RFC Assessment form completed by Gay's treating physician, Dr. Baxter. On the form, Dr. Baxter checked boxes indicating that Gay had moderate, marked, or extreme limitations in all areas of mental functioning. In response to an inquiry from Gay's lawyer, someone other than Dr. Baxter checked a box that said "Polysubstance abuse was not a material factor in my assessment of Ms. Gay's mental residual functional capacity." A hand-written note was added that, "To the best of my knowledge, substance abuse was not a factor in Dr. Baxter's function assessment." Dr. Baxter also then added a hand-written note that "substance abuse is not a factor. Has had none with my term of care."

The ALJ gave little weight to Dr. Baxter's assessment of Gay's Mental RFC and to Dr. Baxter's opinion that substance abuse was no factor in assessing Gay's Mental RFC. The ALJ explained that "there is absolutely no rationale given for an opinion that appears to so extremely contradict the evidence of a woman who has abused crack cocaine for over a decade and made little or no effort to stop using except possibly when pregnant." The ALJ said further that Dr. Baxter's "opinion regarding severity of impairment without the use of drugs is not supported by treatment records ... or with the other evidence of record" which "clearly shows alcohol and cocaine dependence with no desire for treatment."

The ALJ's reasoning is supported by substantial evidence in the record. Gay's medical records—which are consistent with Gay's own testimony at the administrative hearing—documented years of cocaine and alcohol abuse and of noncompliance with drug treatment programs. The record also demonstrates that Gay's substance abuse continued while Gay was under Dr. Baxter's care. Because Dr. Baxter's opinion was both unsupported by evidence and was contrary to the evidence in the record, good cause existed to discount Dr. Baxter's opinion. See Winschel, 631 F.3d at 1179. Moreover, the ALJ articulated sufficiently her reasons for not giving substantial weight to Dr. Baxter's opinion.

Substantial evidence supports the Commissioner's denial of SSI benefits; we affirm.

AFFIRMED.