[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 26, 2004
THOMAS K. KAHN
CLERK

No. 03-14636
Non-Argument Calendar

_____

D. C. Docket No. 98-00045-CR-1-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON LEONEL PORTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 26, 2004)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Byron Portillo appeals pro se the district court's correction of his sentence

pursuant to Fed. R. Crim. P. 36.[1] Portillo was convicted of (1) conspiracy to possess and distribute fraudulent alien registration cards in violation of 18 U.S.C. §§ 371, 1546(a), 1028(a)(2) and 8 U.S.C. § 1324(a)(1)(A)(iv); (2) conspiracy to possess with intent to distribute cocaine, methamphetamine, and amphetamine, in violation of 21 U.S.C. § 846; and (3) maintaining a place for the distribution of cocaine and methamphetamine in violation of 21 U.S.C. § 856(a)(1). At the sentencing hearing, the district court orally ordered Portillo to pay restitution in the amount of $14,800, jointly and severally with his co-conspirator, Isidro Silva Rubio, to six aliens listed in Rubio's Presentence Investigation Report ("PSI"). The aliens were victimized by Portillo and Rubio's fraudulent scheme of selling and distributing illegal immigration documents. However, contrary to the court's oral ruling, the subsequent written judgment and commitment order provided that Portillo would pay restitution jointly and severally with Rubio to the Georgia Bureau of Investigation ("GBI"), rather than to the six aliens. Portillo did not appeal his conviction or sentence before this Court. Four years later, the court sua sponte issued an order pursuant to Fed. R. Crim. P. 36 to correct two clerical errors that it found in Portillo's judgment. The court first found that it had erred in

---

[1] Fed. R. Crim. P. 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

ordering Portillo's restitution to be paid jointly and severally with Rubio, because Rubio had never been ordered to pay restitution when he had been sentenced two years prior to Portillo. Thus, the court omitted that portion of the judgment requiring payment "jointly and severally with Isidro Silva Rubio (Case No. 2:96-cr-33)." Second, the court discovered that it had erred by ordering restitution to be paid to the GBI rather than to the six illegal aliens listed in Rubio's PSI. Thus, the court corrected the order to substitute the six aliens for the GBI as payees. Because we find that the errors corrected by the court in Portillo's judgment and commitment order were merely clerical, we affirm.

## I. DISCUSSION

We review the district court's application of Fed. R. Crim. P. 36 to correct its judgment at sentencing as a matter of law de novo. See United States v. Pease, 331 F.3d 809, 812, 816 (11th Cir. 2003).

The only issue that we must determine in this appeal is whether the district court had jurisdiction under Fed. R. Crim. P. 36 to correct the original written judgment sentencing Portillo. Fed. R. Crim. P. 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Thus, the question before us is whether the

two errors corrected by the court constituted "clerical mistakes" that the court is allowed to correct "at any time". It is clear in this Circuit that Rule 36 may not be used "to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003) (holding that the district court erred when it used Rule 36 to amend the defendant's sentence to include an order of forfeiture that had been agreed to in the plea agreement, but which the court failed to make a part of its judgment at sentencing)(citing to United States v. Whittington, 918 F.2d 149, 151 (11th Cir. 1990) (holding that Rule 36 may not be used by the district court to fundamentally alter the defendant's sentence from three to five years imprisonment in an attempt to conform the sentence to the intention of the parties as reflected in the plea agreement, which provided that the prisoner would serve exactly five years); United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) (finding that "Rule 36 covers only minor, uncontroversial errors . . ." and that a district court has no jurisdiction to correct a defendant's sentence where the corrections are aimed at remedying errors of law rather than mere transcription)). However, a district court may correct "clerical" errors in the written judgment at any time under Rule 36, for example, to ensure that the judgment is in accord with the oral sentence. United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000) (citing United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990)). Where a

sentence that is pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement controls.  United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003).

Portillo argues that the district court erred in its application of Rule 36 because the mistakes that were corrected in his sentence were substantive rather than clerical in nature.  Portillo further argues that because the court's order under Rule 36 effectively amounts to a resentencing, Fed. R. Crim. P. 43(a)(3) and due process require that he was entitled to be present when the court corrected his sentence.

We do not agree.  With regard to the court's correction of the judgment to state that Portillo shall pay restitution to the six aliens, we find that the mistake was clerical in that it was minor and mechanical in nature.  The Rule 36 order did not fundamentally alter Portillo's sentence, because it did not increase the restitution amount initially imposed at sentencing.  The order merely changed the payees from the GBI to the six aliens who were directly injured by Portillo's crime.[2]  Furthermore, the court was correct to change the written judgment so that

---

[2]We are not persuaded by Portillo's argument that because the names of these individuals were not specifically listed in his indictment, they are not entitled to restitution.  We note that in Count Two of the indictment, six different occasions are described where Portillo conspired with Rubio to sell to "an illegal alien a departure card bearing a stamp purporting to bestow upon the illegal alien temporary permanent resident status." Criminal Indictment of Portillo et al., October 21, 1998, at 4-5.  Furthermore, Portillo's PSI names four of those illegal aliens and states that Portillo was involved in selling illegal immigration documents to two other individuals as well.

it reflects the oral sentencing pronouncement. With regard to the court's deletion of the phrase from the written judgment requiring that Portillo pay the restitution "jointly and severally" with his co-conspirator Rubio, we also find that this correction was proper under Rule 36, which allows the court to "correct an error in the record arising from oversight or omission." Here, at sentencing, the court overlooked the fact that in Rubio's sentence imposed two years earlier, he had not been ordered to pay restitution. Again, the court's Rule 36 order did not make Portillo's sentence more onerous. In the original judgment order, Portillo was fully liable for payment of the restitution amount, and in the amended judgment order, he remains fully liable. See e.g., Aretz v. United States, 604 F.2d 417, 432 n.19 (5th Cir. 1979)[3] (noting that under Georgia law, joint and several liability is defined as the situation where two concurrent causes cause an injury and the plaintiff may recover against either or both of the negligent actors) (citation omitted).

PSI for Byron Leonel Portillo, June 21, 1999, at 7-8. We also reject Portillo's claim that he should not be required to make restitution to aliens who were illegal and who allegedly facilitated in the distribution of fraudulent documents. We note that in some cases, Portillo represented to the aliens that the documents were genuine. PSI for Portillo at 8. In any event, we need not decide Portillo's objection to making payment to the aliens on this ground, because Portillo failed to object to it at sentencing or raise it on direct appeal.

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Turning to Portillo's argument that he was entitled to be present when the court corrected his sentence pursuant to Rule 36, we do not agree that either Fed. R. Crim. Proc. 43 or due process obliges the court to ensure Portillo's presence. It is true that " . . . the defendant must be present at . . . sentencing." pursuant to Fed. R. Crim. P. 43(a). Additionally, the right to be present at one's sentence is constitutionally based. See United States v. Huff, 512 F.2d 66, 71 (5th Cir. 1975) (citing Mempa v. Rhay, 389 U.S. 128 (1967)). However, we have held in this Circuit that the right to be present at one's sentencing "does not translate into a right to be present whenever judicial action modifying a sentence is taken." United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir. 1991). We have already determined that the court's Rule 36 order in Portillo's case did not amount to a resentencing wherein the sentence was substantially changed. As we held in Jackson, where "the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." Id., 923 F.2d at 1497 (holding that the defendant did not need to be present under Rule 43 when the district court modified his sentence from forty to thirty years imprisonment pursuant to the former Fed. R. Crim. P. 35 (1987))[4].

---

[4]The former version of Rule 35 was similar to the current Rule 36 and provided that "[t]he court may correct an illegal sentence at any time...." Fed.R.Crim.P. 35(a) (1987).

Furthermore, Rule 43 provides exceptions for when a defendant's presence is not required. Rule 43(b)(4) states that "[a] defendant need not be present under any of the following circumstances . . . [t]he proceeding involves the correction or reduction of a sentence under Rule 35 . . ." While Rule 43 does not specifically list Rule 36 as an exception, Rule 35(a)[5] is analogous to the court's corrections here under Rule 36 in that it allows the court to correct errors in the sentence that have arithmetical, technical, or some other sort of clear error. Finally, it is the rule in this Circuit that while it may be preferable to have the defendant present when the court corrects clerical errors in the judgment under Rule 36, "the defendant's absence [cannot] rise to a deprivation of due process." Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970).

Finally, Portillo makes a number of substantive challenges to the restitution order itself: (1) that the restitution was illegal because the GBI cannot be a payee because it does not qualify as a "victim" under the Victim Witness Protection Act, and (2) that the court failed to consider his inability to pay restitution. Portillo's first claim of error fails because he was not ordered to pay restitution to the GBI, this was simply a clerical mistake that the court corrected in its Rule 36 order. The

---

[5]Rule 35(a) provides that [w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

remaining claim fails because although Portillo objected at sentencing to the restitution ordered on grounds of his inability to pay, he failed to appeal it to this Court. The time allowed Portillo for challenging his restitution order entered on August 3, 1999, has long since expired under Fed. R. App. P. 4(b)(1)(A),[6] and he may not now challenge it in this appeal of the district court's Rule 36 order.

## II. CONCLUSION

Based on the foregoing, we AFFIRM the district court's correction of Portillo's sentence pursuant to Fed. R. Crim. P. 36.

---

[6]Fed. R. App. P. 4(b)(1)(A) requires that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."