[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14896
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D. C. Docket No. 02-00004-CR-WLS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS DEWAYNE GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 1, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Morris Dewayne Green appeals from the amended judgment entered in his

criminal case under Federal Rule of Criminal Procedure 36. Green argues that the district court denied him due process by not providing him with notice that the amended judgment was being entered and an opportunity to be heard before it was. He also claims the amendments substantively altered his sentence. Because we conclude that the amendments to the judgment were merely clerical or intended to conform the written judgment to the court's oral sentence, we affirm. But we nonetheless remand for further corrections because the amended judgment contains clerical errors as well.

We review a district court's application of Rule 36 *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that, after giving any notice it considers appropriate, a district court "may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. Under the rule, a district court may amend the written judgment to conform it to the oral pronouncement of sentence. *Portillo*, 363 F.3d at 1164–65. Rule 36 may not, however, be used to make any substantive alteration to a sentence. *Id.* at 1164.

Most of the amendments Green challenges are merely differences in the language between the judgment form that was used at the time of Green's sentencing and the newer, revised form that was used at the time the district court issued the amended judgment. For example, the first amendment Green challenges

2

clarified that the district court would determine whether Green needed to undergo periodic drug tests after his release. Whether the phrase "as determined by the court" was included in the original judgment, the district court had the authority to determine if Green needed to be drug tested periodically. Green next challenges the amendment that changes the time in which he must notify the probation office that his residence or employment has changed from "ten days before the change" to "*at least* ten days before the change." Neither of these differences substantively changed Green's sentence.

Green also argues that the district court improperly checked the box indicating that he was required to pay restitution on the amended judgment where that box was left unchecked on the original judgment form. But Green does not dispute that restitution was imposed at his oral sentence. Accordingly, this correction was the sort of clerical alteration intended to bring the written judgment into conformity with the oral sentence permitted by Rule 36. *Id.* at 1165.

Finally, Green argues that these changes constituted a resentencing, which would have required notice and a right to be heard before the court could impose sentence. *See* Fed. R. Crim. P. 43. In *Portillo*, we concluded that clerical alterations to a judgment, like those here, are not a resentencing and thus do not implicate due process concerns or the protections of Federal Rule of Criminal

3

Procedure 43. 363 F.3d at 1166. Thus, due process did not require Green's presence when the court corrected the judgment. *Id.* Nor was he entitled to Rule 43's procedures. Accordingly, we affirm Green's sentence.

But because the amended judgment contains several new clerical errors itself, we remand for the limited purpose of correcting those errors. The errors are: (1) the amended judgment lists 18 U.S.C. § 3664(I) as the statute that governs Green's restitution payments, but it should be 18 U.S.C. § 3664(i); (2) the amended judgment transposed two numbers in the claim number of the restitution payee; (3) the amended judgment does not reflect that Green's sentence is consecutive to an unrelated sentence that Green is currently serving. The first two clerical errors should be corrected. The last error should also be corrected to bring the written judgment into accord with Green's oral sentence.

**AFFIRMED WITH LIMITED REMAND.**