[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15542
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:99-cr-00021-RV-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY B. CARROLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Terry B. Carroll, proceeding pro se, appeals the district court's denial of his

motion, pursuant to Fed.R.Crim.P. 36, to correct a purported error in his presentence

investigation report ("PSI"). Carroll argues that the district court erred in denying his motion, because (1) the sentencing enhancements under U.S.S.G. §§ 3C1.2 and 3A1.2(b) are not supported by the record, (2) both enhancements relied on the same conduct, resulting in double counting, and (3) he did not endanger the public by fleeing on a public road or highway or at a high rate of speed. After thorough review, we affirm.

We review <u>de novo</u> the application of Rule 36 to correct a district court's sentencing judgment. <u>United States v. Portillo</u>, 363 F.3d 1161, 1164 (11th Cir. 2004). We have made it clear that Rule 36 may not be used to make a substantive alteration to a criminal sentence. <u>Id.</u> Instead, Rule 36 is properly applied to correct clerical errors that are minor or technical in nature or to modify the written judgment to be consistent with the oral sentencing announcement. <u>Id.</u> at 1164-65. Generally, a defendant who alleges that his PSI contains false information must raise that claim at sentencing and on direct appeal, rather than for the first time in a post-conviction proceeding. <u>United States v. Peloso</u>, 824 F.2d 914, 915 (11th Cir. 1987).

Although Carroll contends that he is not attempting to challenge his sentence, he is seeking to make a substantive change to the district court's determination regarding his sentence. The district court applied the enhancements, in paragraphs 30 and 32 of the PSI, after substantial discussion with both parties and after

2

considering Carroll's own recommendation, through counsel, that the district court apply the enhancements to ensure a concurrent sentence. The PSI, without Carroll's requested modifications, correctly reflects the oral judgment of the district court. The removal of paragraph 32 would substantively alter the sentencing guidelines calculation of the district court, and thus, is an inappropriate use of Rule 36. Portillo, 363 F.3d at 1164. Accordingly, we affirm.

**AFFIRMED.**