[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11921
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:03-cr-00208-EAK-TGW-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

MICHAEL JERMAINE COLSTON,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Jermaine Colston appeals the district court's denial of his *pro se*

post-conviction motion, made pursuant to Fed. R. Crim. P. 36, to correct a

purported error in the pre-sentence investigation report (PSI). Colston was sentenced as a career offender, under U.S.S.G. § 4B1.1, in part because his PSI reflected that one of his predicate offenses was for battery on a police officer. After sentencing, Colston requested that the PSI be changed to reflect that he had merely pushed a police officer backwards, and not that he pushed the officer down. On appeal, Colston argues that the error in the PSI was an inadvertent "clerical error" that can be corrected by Rule 36. The government responds that Colston's proposed change to the PSI "seeks to recharacterize the conduct underlying his conviction for battery on a law enforcement officer." Further, the government notes that this sort of correction is beyond the purview of Rule 36 because the rule should be used to correct undisputed errors and not, as is the case here, to substantively alter a sentence.

We review *de novo* the application of Fed. R. Crim. P. 36 to correct a district court's sentencing judgment. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 allows the court, after giving appropriate notice, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. But Rule 36 cannot be used to make a substantive alteration to a criminal sentence. *Portillo*, 363 F.3d at 1164. Moreover, a defendant who alleges that his PSI

contains incorrect information must usually raise that argument at sentencing and on direct appeal, rather than for the first time in a post-conviction proceeding. *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987).

Here, Colston effectively seeks to modify the district court's guideline calculation, and the factual conclusions on which it relied, so that he will not be characterized as a career offender under U.S.S.G. § 4B1.1. Although at sentencing Colston objected to his base offense level, his career offender status, and the calculation of his criminal history score, he did not object to the facts in the PSI. Thus, he is not seeking to alter a "clerical error" in the facts of the PSI under Rule 36. The district court is

**AFFIRMED**.