[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11729
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20367-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONAVEON LIGHTBOURN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 19, 2012)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Donaveon Lightbourn, proceeding *pro se*, appeals the district court's denial of his motion to correct a clerical error, pursuant to Federal Rule of Criminal Procedure 36. Lightbourn's motion raised several substantive claims related to his conviction, including that he was innocent and that his conviction and sentence were null and void. Lightbourn did not, however, point to any clerical errors in any judgment or order.

We review the district court's application of Rule 36 *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 may not be used to substantively alter a criminal sentence. *Portillo*, 363 F.3d at 1164.

Because all of the arguments in Lightbourn's motion requested substantive changes to his conviction and sentence, none was properly brought under Rule 36. *See id.* Accordingly, we affirm the district court's denial of Lightbourn's motion to correct.

**AFFIRMED.**