[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12274
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00003-WPD-14

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS STEVENS,
a.k.a. Judog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 11, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Julius Stevens appeals the denial of his *pro se* Rule 36 motion to correct his presentence investigation report (PSI).  Stevens argues that because a prior conviction for "Possession of Cannabis" listed in the criminal history section of his PSI was classified as a felony rather than a misdemeanor, he was incorrectly considered a career offender by the district court when it originally sentenced him.

We review legal issues presented in a Rule 36 motion to correct a judgment *de novo*.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).  Rule 36 allows a court to correct at any time "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Rule 36 does not allow for a substantive correction or alteration to a criminal sentence.  *Portillo*, 363 F.3d at 1164.

The district court correctly denied the Rule 36 motion.  Even assuming the district court originally considered the "Possession of Cannabis" charge to be a felony, such a correction would not be clerical in nature.  Rather, such a correction would result in a substantive alteration to a criminal sentence, particularly if it would change Stevens' career offender status.  Accordingly, Rule 36 was not the correct basis for Stevens' requested relief, and we affirm.

**AFFIRMED.**