[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11926
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-00025-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR L. ROMAN BAEZ, JR.,
a.k.a. Tito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 30, 2016)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Hector Baez Jr. appeals *pro se* the denial of his motion to correct errors in his presentence investigation report. *See* Fed. R. Crim. P. 36. The district court ruled that the elimination of criminal history points from a presentence report is "not a 'clerical error' within the meaning of Rule 36." We affirm.

The district court did not err by denying Baez's motion. A district court may use Rule 36 to correct a clerical error in a judgment, Fed. R. Crim. P. 36, but the correction "may not be used to make a substantive alteration to a criminal sentence," *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Baez moved to deduct points that had been assessed for four prior convictions on the grounds they "did not qualify under U.S.S.G. § 4B1.2(e)(1)" and "cause[d] [him] to have an upgrade security classification within the Federal Bureau of Prisons." Because a reduction in criminal history points would alter Baez's sentencing range, his motion does not request the type of "minor and mechanical" change allowed under Rule 36. *See id.* at 1165. Baez cannot raise a substantive challenge to the calculation of his sentence in a motion to correct a clerical error.

We **AFFIRM** the denial of Baez's motion to correct a clerical error.