[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10573
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60061-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMIAL JACQUES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 10, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Romial Jacques appeals the grant of the government's motion under Federal Rule of Criminal Procedure 36 to amend his judgment more than nine years after judgment was entered, and changing the description of one of the offenses — from carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), to carrying a firearm during and in relation to a drug trafficking crime.  He argues that the district court erred because the amendment substantively altered his sentence by foreclosing his argument for post-conviction relief.

We review *de novo* the district court's application of Rule 36.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 provides that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  However, Rule 36 may not be used to make a substantive correction or alteration to a criminal sentence.  *Portillo*, 363 F.3d at 1164.  A Rule 36 amendment also may not "prejudice the defendant in any reversible way."  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).

When the description of an offense of conviction is incorrect in a written judgment, a court may amend the description under Rule 36 if the correct offense of conviction is clear from the record.  *Id.* at 1265.  In such circumstances, "there [is] no prejudice in amending the judgment to reflect" the correct offense of conviction because the defendant is not exposed to a longer prison term as a result

2

of the amendment.  *Id.* at 1262.  This is true even where the amendment would foreclose the defendant's challenge to his judgment.  *See id.* at 1260 (noting that the defendants opposed the government's Rule 36 motion because the incorrect version of their judgment would have allowed them to challenge their sentences as illegal).

An individual convicted of using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime is subject to minimum term of five years' imprisonment, to run consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D).

Here, the district court did not err when it amended Jacques's judgment pursuant to Rule 36.  First, the record makes clear that he was convicted of carrying a firearm during and in relation to a drug trafficking crime, not a crime of violence.  The plea agreement indicated that a drug trafficking crime was the predicate offense, and the district court repeated that statement at the beginning of his plea colloquy.  Moreover, the other offense to which he pleaded, Count 3, was a drug trafficking crime.  His PSI also stated that the predicate offense was a drug trafficking crime, and he did not object to that finding.  Second, the mistake in his original judgment was merely clerical, and the amendment did not substantively alter his total sentence or prejudice him.  Amending his judgment merely took away his ability to rely on an erroneous fact in a post-conviction motion to vacate.

The amendment did not expose him to the mandatory consecutive term of imprisonment — his conviction for carrying a firearm during a drug trafficking crime did.  Accordingly, we affirm.

**AFFIRMED.**