[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10065
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00010-LC-MD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DINO M. GENTILE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 12, 2018)

Before TJOFLAT, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Dino Gentile, a federal prisoner proceeding pro se, appeals the district court's denial of his Fed. R. Crim. P. 36 motion to correct his indictment. After careful review of the record and the parties' briefs, we affirm.

## I.  BACKGROUND

In February 1999, a federal grand jury indicted Gentile on two charges arising from the October 15, 1998 armed robbery of the Monsanto Employees Credit Union ("MECU") in Pensacola, Florida. Count 1 charged Gentile with aiding and abetting Jeffrey Durham's armed robbery of the MECU and alleged that during the course of the robbery, Durham carried an assault rifle. Count 2 charged that Gentile, "aided and abetted by Jeffery S. Durham . . . did knowingly use and carry a firearm, that is a machine gun," during the armed bank robbery charged in Count 1.

The case proceeded to trial, where the government presented evidence that Durham, carrying a fully automatic assault rifle, robbed the MECU, and Gentile served as Durham's getaway driver. The jury found Gentile guilty on both counts of the indictment. With regard to Count 2, the verdict form stated that the jury found Gentile "GUILTY of the offense of aiding and abetting another person in the use or carrying of a machinegun during the commission of a robbery of a federally insured credit union as charged in Count I."

2

The district court sentenced Gentile to a total of 495 months' imprisonment, and entered a final judgment indicating that Gentile had been convicted of "Armed Bank Robbery" and "Possession of a Firearm in Relation to a Crime of Violence." Gentile appealed, and this Court affirmed his convictions and sentence. See United States v. Gentile, 218 F.3d 747 (11th Cir. 2000) (unpublished table decision).

The district court denied on the merits a later attempt by Gentile to obtain relief pursuant to a 28 U.S.C. § 2255 motion to vacate. Among other post-conviction motions and collateral attacks, Gentile also has twice unsuccessfully sought permission from this Court to file successive § 2255 motions.

In September 2016, Gentile moved under Fed. R. Crim. P. 36 to correct a clerical error in the judgment. Gentile argued that the evidence at trial, jury instructions, verdict form, presentence report ("PSR"), and district court's oral pronouncement of the sentence demonstrated that he had been convicted of aiding and abetting Durham's armed bank robbery and use of a firearm during that robbery, rather than the substantive offenses of armed bank robbery and possession of a firearm in relation to a crime of violence reflected in the judgment. Accordingly, Gentile asked the district court to correct the judgment to reflect that he had been convicted of "aiding and abetting" as to both counts.

3

The district court granted Gentile's September 2016 Rule 36 motion and amended the judgment to reflect that he was convicted of "Aiding and Abetting—Armed Bank Robbery" and "Aiding and Abetting—Possession of a Firearm in Relation to a Crime of Violence."

In December 2016, Gentile filed the present pro se Rule 36 motion, this time seeking to correct the indictment. Gentile argued that Count 2 of the indictment erroneously stated that Gentile was aided and abetted by Durham, when it was actually Durham who was aided and abetted by Gentile, as reflected by the evidence at trial, jury instructions, verdict form, PSR, and amended judgment. Gentile speculated that "a court clerk inadvertently mis-typed/mis-stated the charge at Count II in the indictment," and asserted that the district court should correct this clerical error so the indictment would correctly reflect the offense for which he was tried and convicted.

The government responded that Gentile's present Rule 36 motion did not actually seek correction of a clerical error in the indictment, but instead raised a substantive challenge to the truth of the allegation in Count 2 of the indictment. The government contended that Rule 36 was not an appropriate vehicle for raising a substantive challenge to the indictment, and the district court should deny Gentile's motion.

4

The district court agreed with the government's assessment and denied Gentile's motion, concluding that the alleged error Gentile sought to correct was not clerical, and therefore not subject to correction under Rule 36. This appeal followed.

## II.  DISCUSSION

The district court did not err in denying Gentile's present Rule 36 motion. On appeal, Gentile abandons his contention that he merely seeks to correct a clerical error in Count 2 of the indictment, instead arguing (for the first time) that the government's presentation at trial of evidence that Gentile aided and abetted Durham with respect to Count 2 constituted an impermissible variance from, or constructive amendment to, the indictment, which charged that Durham aided and abetted Gentile. Gentile therefore submits that he was tried and convicted for unindicted conduct, in violation of his Fifth and Sixth Amendment rights.[1] In so arguing, Gentile effectively concedes that Rule 36 was not the appropriate vehicle for his claims because the "error" in the indictment that he sought to correct was substantive, rather than clerical, in nature. See Fed. R. Crim. P. 36 (providing that the court may correct "a clerical error" or an error "arising from oversight or omission"); United States v. Portillo, 363 F.3d 1161, 1164-65 (11th Cir. 2004)

---

[1]Gentile also contends that the evidence at trial was insufficient to show that the gun Durham used in the robbery was a machine gun, a claim that this Court previously rejected in resolving Gentile's direct appeal.

(explaining that Rule 36 "may not be used to make a substantive alteration to a criminal sentence"). Accordingly, the district court correctly concluded that it lacked authority to grant Gentile relief under Rule 36, and we affirm.[2]

**AFFIRMED.**

---

[2]Among other things, Gentile also requests on appeal that this Court grant him leave to file a successive motion to vacate under 28 U.S.C. § 2255 raising his substantive challenge to Count 2 of the indictment. We decline this invitation. First, Gentile could have, but did not, raise his variance/constructive amendment claim on direct appeal. Thus, he would be procedurally barred from raising that claim in a § 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice, which he has not made. See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Second, even if his claim were not procedurally barred, Gentile has not identified any newly discovered evidence or new rule of constitutional law sufficient to satisfy § 2255(h)'s requirements for overcoming the bar on successive § 2255 motions. See 28 U.S.C. § 2255(h).

6