[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14857

Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00190-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN MAYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Stephen Mayer, proceeding pro se, appeals the district court's denial of his motion under Federal Rule of Civil Procedure 36 to correct an error in his judgment.  Specifically, Mayer alleges the district court erred by declining to remove the reference to "& 2" from his judgment, which states Mayer was convicted under "18 U.S.C. §[§] 1343 & 2."  After review, we affirm.[1]

"[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Before the district court, Mayer asserted the reference to "& 2" in his judgment was a clerical error because "the supers[e]ding indictment does not reference 18 U.S.C. [§] 1342 [n]or did the jury instructions include such a finding . . . ."  On appeal, he also contends a clerical error is apparent because, at his arraignment, Assistant United States Attorney Amanda Reidel stated the only change made in the superseding indictment was the addition of eight counts of "substantive wire fraud."  Mayer cites attorney Reidel's statement to illustrate that she did not intend to charge him with a violation of § 2.  Neither argument is persuasive.

As the record reflects, Mayer was not charged with, or convicted under, 18 U.S.C. § 1342; instead, he was charged with, and convicted of, violating 18 U.S.C.

---

[1] We review *de novo* the district court's application of Rule 36.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

§ 1343 *and* 18 U.S.C. § 2.[2] "Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks omitted). When aiding and abetting is charged alongside another crime, the two statutes are commonly conjoined. For example, here, the superseding indictment states Mayer violated: "Title 18, United States Code, Sections 1343 and 2."

Further, Reidel's statement does not support the conclusion Mayer was not meant to be charged under § 2. Reidel noted the superseding indictment was amended to "add[ ] eight substantive wire fraud counts, all wire fraud affecting a financial institution, . . . ." The fact that she did not separately mention the charges under § 2 is of no moment because § 2 "does not establish a separate crime." *United States v. Walser*, 3 F.3d 380, 388 (11th Cir. 1993). Accordingly, the statement is no evidence of a clerical error. On the contrary, the record reveals § 2 was included in the jury charge and all operative pleadings.[3]

---

[2] The prefatory section of our opinion dated February 14, 2017 states Mayer was convicted under 18 U.S.C. § 1342. That is incorrect; rather, as the district court correctly noted, Mayer was charged and convicted under 18 U.S.C. §§ 1343 *and* 2. This scrivener's error had no substantive implications for Mayer's case. The appeal in which it appears did not directly concern his convictions under 18 U.S.C. §§ 1343 and 2.

[3] Alternatively, this theory is waived both because it was not made before the district court and because it first appears in Mayer's reply brief. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326–27 (11th Cir. 2004);

The superseding indictment and jury verdict both reflect that Mayer was charged with, and convicted of, eight counts of wire fraud affecting a financial institution in violation of 18 U.S.C. §§ 1343 and 2.  Moreover, consistent with 18 U.S.C. § 2, the jury was told, "[a] Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person."  The judge further elaborated, "[a] Defendant 'aids and abets' a person if the Defendant intentionally joins with the person to commit a crime."  Therefore, the district court correctly determined the inclusion of "& 2" was not clerical error, and it did not err by denying Mayer's motion.

On appeal, Mayer also asserts the district court's failure to explain the meaning of "& 2" prevented him from asserting his rights, resulting in a "miscarriage of justice."  This theory is wholly distinct from Mayer's argument to the district court—*i.e.* that the reference to "& 2" is a clerical error because 18 U.S.C. § 1342 is not referenced elsewhere in the operative pleadings.  We may not pass on an appellant's theories not presented to the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326–27 (11th Cir. 2004) (rejecting appellants' attempt to assert a theory never raised before the district court).

But even if the argument were properly before us, it would fail for two reasons.  First, Rule 36 may not be used to make a substantive alteration to a criminal sentence.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

4

On the contrary, we have described clerical errors as "minor and mechanical in nature." *Id.* at 1165. Second, even if Rule 36 were the proper vehicle for Mayer's argument, the jury was instructed on aiding and abetting and Mayer's counsel actively participated in crafting the jury instructions. Therefore, we reject Mayer's contention that his rights were prejudiced because he did not understand the charges against him under § 2.

**AFFIRMED.**