[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15344
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00212-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC KELVIN ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 5, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Isaac Kelvin Allen, proceeding pro se, appeals the district court's order granting in part and denying in part[1] his motion requesting correction of clerical errors in his forfeiture money judgment and Presentence Investigation Report (PSI) under Federal Rule of Criminal Procedure 36.  Allen contends the district court erred in: (1) not correcting the PSI's misclassification of his felony convictions; (2) failing to correct the probation officer's $500 understatement of the loss amount attributed to him for one of his identity theft victims; and (3) holding him jointly and severally liable for the loss amount with his common-law wife and the mother of his child, Tara Pasco.  Allen also asserts the forfeiture ordered at his 2008 sentencing exceeded the maximum amount allowable by statute and that his amended forfeiture money judgment does not reflect that he was held jointly and severally liable with Pasco for restitution.  After review,[2] we affirm.[3]

---

[1] The district court issued an amended forfeiture money judgment reflecting that Allen pled guilty to making false statements.  This partial grant of the motion is not at issue on appeal.

[2] We review de novo the district court's application of Federal Rule of Criminal Procedure 36 to correct clerical errors.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

[3] Allen has also filed three motions before this Court. First, Allen moves under 28 U.S.C. § 2106 for this Court to remand his restitution judgment to the district court for the correction of several sentencing errors. This motion is denied as moot because the relief requested therein mirrors the relief requested in this appeal.  Second, Allen moves to be absolved of his collateral-attack waiver.  This motion, too, is denied as moot because this Court has resolved Allen's appeal without relying upon his collateral-attack waiver.  Finally, Allen moves for this Court to

Federal Rule of Criminal Procedure 36 provides "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Importantly, Rule 36 may not be used to make a substantive alteration to a criminal sentence.  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2318 (2017).  It applies only to clerical mistakes.  *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (concluding that the district court properly applied Rule 36 to correct a clerical error in the judgment so that the judgment corresponded with the oral pronouncement of the sentence); *United States v. Reeves*, 742 F.3d 487, 507 n.12 (11th Cir. 2014) (describing the type of clerical errors curable under Rule 36 as "scrivener's errors").  We have, for example, remanded cases to the district court to correct clerical errors where the judgment listed the correct crime, but listed the wrong corresponding count in the indictment.  *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

The question is whether the purported errors Allen identifies are clerical or substantive.  We address each in turn.  First, Allen asserts the probation officer misclassified his aggravated identity theft convictions as Class D felonies, as

---

take judicial notice of out-of-circuit judicial opinions.  This motion is denied because this Court can consider out-of-circuit judicial opinions without taking judicial notice of them.

opposed to Class E felonies. This was not a clerical error. It does not appear, for example, that the probation officer mistakenly transposed the letter "D" for "E" when drafting the PSI. Rather, the probation officer analyzed Allen's aggravated identity theft convictions under the wrong statute. Thus, the error is substantive and cannot be corrected under Rule 36. *See Davis*, 841 F.3d at 1261.

Second, Allen contends the district court erred by failing to correct the probation officer's $500 understatement of the loss amount attributed to him for one of his identity theft victims. We need not decide whether this error was clerical or substantive because it was harmless. The discrepancy Allen identifies would not have impacted his guideline range and it certainly did not increase the amount of restitution he owed.

Allen also asserts that the judgment incorrectly states that he is to be held jointly and severally liable for the loss amount with his common-law wife and the mother of his child, Tara Pasco. We disagree. The language in the judgment accurately reflects the district court's statement at sentencing that Allen would be held jointly and severally liable with Pasco. Thus, there is no clerical error. To the extent Allen is challenging the propriety of holding him jointly and severally liable

4

with Pasco, that is a substantive challenge to his sentence which falls outside the scope of Rule 36.[4]

Finally, Allen asserts the forfeiture ordered at his 2008 sentencing exceeded the maximum amount allowable by statute. In *Portillo*, we rejected a defendant's attempt to challenge his sentence in an appeal of a Rule 36 order correcting two clerical errors regarding his restitution obligations in the judgment. 363 F.3d at 1164–66. Portillo's conviction and sentence became final years before he filed the appeal, and we stated that the corrected judgment did not alter his sentence in any way. *Portillo*, 363 F.3d at 1165–66. Portillo could not base his appeal on the correction of the clerical errors because the time allowed for raising his substantive challenges "ha[d] long since expired under" Federal Rule of Appellate Procedure 4(b)(1)(A). *Id.* at 1166. Similarly, here, the amendment to the forfeiture money judgment did not substantively alter Allen's sentence in any way. Therefore, Allen's substantive challenge to his 2008 sentence is improper.

**AFFIRMED.**

---

[4] Relatedly, Allen's argument that the amended forfeiture money judgment erroneously failed to state that Tara Pasco was being held jointly and severally liable with him is without merit. Both his conviction and sentence reflect that Allen's restitution obligation is joint and several with Pasco.