[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12321
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00207-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Freddie Wilson is a federal inmate serving a 102-month sentence for converting to his personal use United States Treasury checks issued as a result of fraudulently filed federal income tax returns.  See United States v. Wilson, 788 F.3d 1298 (11th Cir. 2015) (affirming conviction and sentence on direct appeal); Wilson v. United States, No. 17-14204-J, 2018 WL 4676492, at *2 (11th Cir. Sept. 13, 2018) (denying COA for Wilson to appeal the district court's denial of his 28 U.S.C. § 2255 motion).  Proceeding pro se, he appeals the district court's denial of his motion under Federal Rule of Criminal Procedure 36 to correct clerical errors in his indictment, presentence investigation report, and judgment.  We construe Wilson's filings liberally given his pro se status, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000), and review de novo the district court's application of Rule 36, United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Wilson contends that there are several errors in need of correcting, including the district court's refusal to dismiss two of his counts of conviction, its application of a sentence enhancement based on a total loss amount that he says should not have been attributed to him, and its imposition of a sentence far above what he argues the mandatory minimum should have been.

2

"It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." Portillo, 363 F.3d at 1164 (quotation marks omitted). And it is equally clear that Wilson's challenges to his sentence call for such substantive changes. Cf. id. at 1165 (describing clerical errors under Rule 36 as "minor and mechanical in nature"). As a result, the district court lacked jurisdiction to grant Wilson relief and properly denied the request. See id. at 1164.

**AFFIRMED.**