[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10756
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20836-PCH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 6, 2019)

Before ED CARNES, Chief Judge, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Bernard Moore, proceeding pro se, appeals the denial of his motion to correct a clerical error in his presentence investigation report and his motion to reconsider that denial.

In December 2016 Moore was indicted for crimes related to armed drug trafficking along with codefendants Michael Fonseca and Derrick Miller. At sentencing Moore objected to paragraphs 3–9 and 15 of his PSR because they stated that Moore had supplied Fonseca with narcotics to sell and Moore contended that no substantial evidence was offered at trial that proved a conspiratorial relationship between him and Fonseca. The government did not object and the court ordered those paragraphs to be removed from the PSR.

Probation then issued a second PSR that did not remove the relevant paragraphs. In January 2019 Moore filed a motion requesting the correction of a clerical error. In addition to the paragraphs objected to at sentencing, Moore also contended that paragraph 14 should be removed because it mentioned that Fonseca bought drugs from Moore for resale. The district court granted Moore's motion as to paragraphs 3–9 and 15, but not paragraph 14. The court noted that Moore had not objected to paragraph 14 at sentencing and the court had not ordered probation to remove it. In February 2019 Moore filed a motion for reconsideration, which the district court denied. This is Moore's appeal.

We review <u>de novo</u> the district court's application of Federal Rule of Criminal Procedure 36 to correct a clerical error.  <u>United States v. Portillo</u>, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record."  Fed. R. Crim. P. 36.  Rule 36 only covers "minor, uncontroversial errors" and may not be used "to make a substantive alteration to a criminal sentence."  <u>Portillo</u>, 363 F.3d at 1164 (quotation marks omitted).

Facts contained in a PSR "are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity."  <u>United States v. Beckles</u>, 565 F.3d 832, 844 (11th Cir. 2009) (quotation marks omitted).  Failure to object to such facts at sentencing "precludes the argument that there was error in them."  <u>Id.</u> (quotation marks omitted).

Here, because Moore did not object to paragraph 14 at sentencing, he is precluded from arguing that that paragraph contained any errors.  <u>See id.</u>  But even if he could, the error that he points to is substantive and not clerical.  The court did not order paragraph 14 removed at sentencing and the government objects to its removal, so it is clear that altering the facts detailed in Moore's PSR would not

3

simply be a correction of "minor, uncontroversial errors." See Portillo, 363 F.3d at 1164 (quotation marks omitted).[1]

**AFFIRMED.**

---

[1] Moore also challenges the district court's order denying his motion for reconsideration of the denial of his Rule 36 motion. We review the denial of a motion for reconsideration for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). Moore contends that the district court erred in failing to remove paragraph 14 from his PSR as a clerical error, a contention we have already rejected under de novo review. So the district court did not abuse its discretion in reaching the same conclusion.