[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12168
Non-Argument Calendar
_____

D.C. Docket No. 3:04-cr-00088-LC-MD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN A. PUGH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 13, 2020)

Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Brian Pugh, proceeding *pro se*, appeals the denial of his *pro se* motion to correct a clerical error in the judgment, pursuant to Federal Rule of Criminal Procedure 36. Pugh's motion concerns his 2005 conviction for "knowingly and corruptly, and by threats willfully endeavor[ing] to influence, intimidate and impede the due administration of justice . . . by threatening [a probation officer] in the discharge of her duty during a sentencing proceeding," in violation of 18 U.S.C. § 1503. The judgment states Pugh was "adjudged guilty" of violating § 1503 and lists the "nature of the offense" as "Threatening an Officer of the Court."

On appeal, Pugh argues that the court's judgment "incorrectly and erroneously defines 18 U.S.C. § 1503 as 'Threatening an Officer of the Court,' instead of 'Obstruction of Justice.'" He further asserts that such error is a "scrivener's error" that is curable under Rule 36, and that he has a due process right to a criminal judgment that correctly reflects the statute that he was convicted under and the court's oral pronouncement. After review,[1] we affirm.

Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *Portillo*, 363 F.3d at 1164.

---

[1] We review the district court's application of Federal Rule of Criminal Procedure 36 to correct a clerical error *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 only covers "minor, uncontroversial errors" and may not be used to correct "errors of law rather than mere transcription." *Portillo*, 363 F.3d at 1164–65.

Clerical errors are "mechanical in nature." *See id.* at 1165. For example, we have remanded to correct a clerical error where the district court judgment stated the incorrect statute of conviction, or erroneously stated the count to which a defendant pleaded guilty. *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011); *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

First, the district court made no error that needed to be corrected, as its judgment clearly and correctly reflected what was charged in Pugh's indictment and what the jury found him guilty of. The record is clear that there was no oversight or omission and that the court intended for the judgment to read as it reads. *See* Fed. R. Crim. P. 36; *Portillo*, 363 F.3d at 1164. Pugh's indictment charged him with "knowingly and corruptly and by threats willfully endeavor[ing] to influence . . . the due administration of justice . . . by threatening [a probation officer] in the discharge of her duty during a sentencing proceeding," in violation of 18 U.S.C. § 1503. The jury found him guilty "of the offense of endeavoring to influence, intimidate, or impede the due administration of justice, *knowingly and willfully by threats*, as charged in the indictment." These documents are wholly consistent with the district court's judgment, which listed § 1503 as the relevant statute that Pugh was convicted under and listed "[t]hreatening an Officer of the

Court" as the "nature of offense."  Further, Pugh has not identified, and we have not found, any oral pronouncement by the district court that conflicts with the judgment.  *See Portillo*, 363 F.3d at 1165.

Second, any error of the type Pugh describes would be substantive, rather than "minor and mechanical," and thus not correctable under Rule 36.  *See id.* at 1164–65.  The error Pugh alleges is not an uncontroversial one of "transcription," like those we have recognized in the past.  *See id*.; *James*, 642 F.3d at 1343; *Massey*, 443 F.3d at 822.  Rather, Pugh argues the wording of the court's judgment—which, as noted above, was intentional—denied him due process, resulting in the Federal Bureau of Prisons categorizing his offense in a way that subjected him to unwarranted higher security.

Accordingly, the district court did not err in denying Pugh's motion to correct a clerical error, and we affirm.

**AFFIRMED.**