[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11726

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL J. MUZIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20327-WPD-1

_____

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Muzio, a federal prisoner, appeals the district court's entry of an amended criminal judgment. In May 2021, the district court -- pursuant to Fed. R. Crim. P. 36 -- amended Muzio's final judgment to incorporate an order of restitution entered in November 2010. No reversible error has been shown; we affirm.

I.      Background

In 2010, a jury found Muzio guilty of conspiracy to commit wire fraud, wire fraud, securities fraud, and of making false statements. At Muzio's 30 June 2010 sentencing hearing, Muzio was sentenced to 163 months' imprisonment and 3 years' supervised release.

Following the announcement of Muzio's sentence of imprisonment, the government raised the issue of restitution at the sentencing hearing. The government said restitution was mandated by statute and sought an order of restitution in the amount of $631,976.80. The sentencing court acknowledged that restitution was mandatory and that the amount of restitution appeared to "be

in the $630,000 range." The sentencing court, however, reserved ruling on restitution to allow the probation officer additional time to finalize the list of victims and the reported loss amounts. About restitution, the written judgment then provided that "[t]he determination of restitution is deferred for (90) days. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such a determination." (italics in original).

The sentencing court later referred the matter of restitution to a magistrate judge. On 21 October 2010, the magistrate judge issued a report and recommendation ("R&R"). The magistrate judge stated that 18 U.S.C. §§ 3556 and 3663A mandated restitution in cases involving fraud and deceit. The magistrate judge recommended an order of restitution in the amount of $631,976.06: a sum agreed upon by the parties at a 29 September 2010 status conference.[1] Attached to the R&R was a list identifying 72 victims who suffered financial losses from Muzio's fraudulent scheme and setting out each victim's loss amount.

In his objections to the R&R, Muzio asserted broadly that he should not be required to pay restitution but made no objection to the calculation of the proposed restitution amount. The sentencing court adopted the R&R. In an order dated 3 November 2010,

---

[1] The R&R noted that -- although Muzio agreed to the method of calculating the amount of victim loss for purposes of setting a restitution amount -- Muzio maintained his innocence and contended he should be required to pay no restitution.

4                    Opinion of the Court                    21-11726

the sentencing court ordered Muzio to pay restitution in the amount of $631,976.06, to the victims identified in the list attached to the R&R.  The sentencing court provided that "the Court will enter an Amended Judgment and Commitment Order."   No amended judgment was actually entered on the docket, however.

In March 2021, Muzio filed *pro se* a "Motion for Ruling of Final Judgement," seeking a final resolution about restitution.  In response, the government stated that restitution was mandatory in Muzio's case, that the sentencing court had issued an order of restitution, and that the sentencing court had intended (but failed) to enter an amended final judgment incorporating the restitution amount.  The government requested that the district court -- pursuant to Rule 36 -- amend Muzio's written judgment to include the already-determined restitution amount.

In reply, Muzio (through his newly-retained lawyer) argued that the district court lacked authority to enter an amended judgment to add a restitution obligation nearly 11 years after the original judgment was entered.  In support of his argument, Muzio relied on the 90-day time limit set forth in 18 U.S.C. § 3664(d)(5).  Muzio also argued that equitable considerations weighed against amending the judgment.  Muzio requested an order vacating or mandating the withdrawal of the "Notice of Lien for Fine and/or Restitution" recorded by the United States Attorney's Office on property Muzio inherited in Hillsborough County, Florida.

The district court granted the government's request for an amended judgment reflecting the 3 November 2010 restitution

21-11726                Opinion of the Court                    5

order.  The district court dismissed Muzio's request to vacate the lien on Muzio's Florida property.  The same day, the district court entered an amended judgment incorporating the restitution amount of $631,796.06,[2] payable to the victims listed in the R&R.

II.    Discussion

On appeal, Muzio argues that -- under 18 U.S.C. § 3664(d)(5) -- the district court lacked authority to enter an amended judgment nearly 11 years after the original judgment was entered.

In setting out the procedure for ordering restitution, the Mandatory Victims Restitution Act provides that "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."  18 U.S.C. § 3664(d)(5).  The Supreme Court has determined that this 90-day time limit is non-jurisdictional.  *See Dolan v. United States*, 560 U.S. 605, 611 (2010).  In other words, "that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution."  *Id*.  In *Dolan*, the

---

[2] We note that the amended judgment might contain a typographical error, imposing a restitution amount of $631,796.06 instead of $631,976.06.

Supreme Court upheld an order of restitution entered 269 days after the defendant's sentencing hearing when "the sentencing court made clear prior to the [90-day] deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id.* at 608.

As in *Dolan*, the sentencing court here made clear -- before the expiration of the 90-day period -- that restitution was mandatory; furthermore, the sentencing court indicated that the restitution amount likely would "be in the $630,000 range." In deferring a final ruling on restitution, the sentencing court left open only the determination about the definite amount of the victims' losses.[3]

The sentencing court made a final determination about the amount of restitution owed on 3 November 2010: 127 days after Muzio's sentencing hearing. The 3 November 2010 restitution order constituted a "final determination" of the victim's losses for purposes of section 3664(d)(5). Although the sentencing court exceeded the 90-day time limit, the sentencing court retained the authority to order restitution under the circumstances of this case. *See Dolan*, 560 U.S. at 608. The sentencing court committed no

---

[3] Contrary to Muzio's assertion on appeal, the final exact amount of the victims' losses had not yet been ascertained prior to Muzio's sentencing hearing.

plain error[4] in issuing the 3 November 2010 restitution order outside the 90-day window.

We also see no error in the district court's application of Fed. R. Crim. P. 36 to later (in 2021) amend Muzio's final judgment to incorporate the sentencing court's 3 November 2010 restitution order. Under Rule 36, "the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). We review *de novo* the district court's application of Rule 36 to correct its judgment at sentencing. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

The record in this case makes clear that the sentencing court intended to issue an amended judgment that incorporated the 3 November 2010 restitution order. Muzio's original written judgment provided that an amended judgment would issue following a final determination about restitution. The 3 November 2010 restitution order itself also stated that an amended judgment would follow. Due to an apparent oversight or omission, however, no

---

[4] In 2010, Muzio never asked for an earlier ruling on restitution and never objected to the sentencing court's delay in determining the amount of restitution owed. Muzio, years later, first raised an argument about section 3664(d)(5)'s 90-day time limit in his counseled reply to the government's response to Muzio's *pro se* motion for a final judgment. Under these circumstances, we review Muzio's argument only for plain error. *See United States v. Margarita Garcia*, 906 F.3d 1255, 1263 (11th Cir. 2018) (we review for plain error an issue the defendant failed to preserve "by unambiguously flagging the mistake and contemporaneously objecting.").

8                    Opinion of the Court                    21-11726

amended judgment in fact issued. This error is the kind of error that can be corrected under Rule 36. Because Muzio was already subject to the 3 November 2010 restitution order, the amended judgment imposed no new obligation or punishment: the amended judgment made no substantive change to Muzio's criminal sentence.

We reject Muzio's contention that "equitable considerations" weigh against the late entry of an amended judgment in this case. Muzio was on long notice that restitution was mandatory for his fraud offenses; in 2021, Muzio was already subject to the 3 November 2010 order of restitution. The delay in the issuance of an amended judgment to include that restitution amount constituted no undue surprise. Moreover, the Supreme Court has stressed that the chief purpose of the Mandatory Victims Restitution Act is "to assure that victims of a crime receive full restitution." *See Dolan*, 560 U.S. at 612-13. The supposed equitable considerations raised by Muzio about the delay in amending his judgment cannot outweigh the statutory command and statutory purpose of compensating the victims of Muzio's fraudulent scheme.[5]

---

[5] In his appellate brief, Muzio mentions -- without argument or citation to legal authority -- that he, in 2010, was not present at either the status conference before the magistrate judge or when the sentencing court adopted the R&R. Muzio's passing reference is insufficient to raise an argument on appeal about the significance of his absence during these proceedings; we do not address this issue. *See United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020) (recognizing that an appellant abandons a claim when he fails to raise it "plainly and prominently" on appeal or when he "makes only passing

21-11726              Opinion of the Court                9

We affirm the district court's amended judgment incorporating the terms of the 3 November 2010 restitution order. We also affirm the district court's denial of Muzio's request to vacate the lien on his Florida property.

AFFIRMED.

---

references to it or raises it in a perfunctory manner without supporting arguments and authority.").