[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10818
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00092-CB-M-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

EDWIN PIERCE PRYOR,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 19, 2015)

Before HULL, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Edwin Pryor, a federal prisoner, pro se appeals the district court's denial of his post-conviction "motion to correct presentence report errors," filed pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36"). After review, we affirm.[1]

## I.  BACKGROUND

In 1997, a jury in federal district court convicted Pryor of one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). The presentence investigation report ("PSI") designated Pryor as an armed career criminal and assigned a base offense level of 33, pursuant to U.S.S.G. § 4B1.4(a). The PSI also assigned Pryor 16 criminal history points, yielding a criminal history category of VI, based on the following offenses: (1) a 1974 Ohio conviction for aggravated robbery and felonious assault (three points); (2) a 1981 Alabama conviction for possession of controlled substances (three points); (3) a 1981 Alabama conviction for second-degree escape (three points); (4) a 1989 South Carolina conviction for possession of cocaine and marijuana (one point); (5) a 1990 North Carolina conviction for driving while impaired ("DWI") and driving without a license (one point); and (6) a 1996 Alabama conviction for robbery (three points). The PSI added two additional criminal history points because Pryor

---

[1]We review the district court's application of Rule 36 de novo. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

2

committed the federal offense of conviction while on absconder status with a warrant outstanding for a probation violation.

The district court sentenced Pryor to 293 months' imprisonment, which was the top of his advisory guidelines range.[2]  Pryor appealed his conviction and sentence, but this Court affirmed.  Pryor subsequently filed two motions to vacate under 28 U.S.C. § 2255, one in 2007 and the other in 2014, neither of which were successful.

## II.  RULE 36 MOTION TO CORRECT PSI

On December 17, 2014, Pryor filed a "motion to correct presentence report errors" under Rule 36, which asserted that the PSI contained two errors adversely affecting Pryor's total criminal history point calculation.  First, Pryor argued that he never sustained a 1990 North Carolina DWI conviction and, therefore, should not have been assessed one criminal history point for that non-existent conviction.  Second, Pryor argued that the PSI should not have assessed three criminal history points for his 1974 Ohio conviction for aggravated robbery and felonious assault.  Pryor attached a letter from a Supervising U.S. Probation Officer, which acknowledged that Pryor's PSI miscalculated his criminal history points because the parole resulting from Pryor's 1974 Ohio conviction was not revoked and, presumably, the 1974 Ohio conviction was otherwise too old to warrant criminal

---

[2]Based on a total offense level of 33 and a criminal history category of VI, the 1997 PSI stated that Pryor's advisory guidelines range was 235 to 293 months' imprisonment.

history points.  Pryor asserted that these errors affected his substantial rights because the PSI's criminal history point calculations affect how the Board of Prisons determines custody points, security levels, camp eligibility, and program credits.

In a February 2, 2015 order, the district court denied Pryor's Rule 36 motion.  The district court noted that Rule 36 only authorizes the correction of clerical mistakes, and Pryor's motion did not identify any clerical mistakes arising from oversight or omission.  Rather, to the extent that any error existed, "it was due to [Pryor's] failure to assert a timely objection."  Pryor appealed the district court's denial of his Rule 36 motion.

## III.  DISCUSSION

Rule 36 allows a district court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotations omitted).  Instead, Rule 36 is a remedy for errors that are "minor and mechanical in nature."  Id. at 1165.

Here, because Pryor requested substantive, not clerical, changes to his PSI, we cannot say that the district court erred in denying Pryor's Rule 36 motion.  In

his Rule 36 motion, Pryor argued that he should not have been assessed one criminal history point for a 1990 North Carolina DWI conviction because he did not sustain such a conviction.  This argument amounted to a substantive challenge to the material factual findings of the PSI.  Pryor further argued that his 1974 Ohio conviction should not have been assessed three criminal history points.  This argument amounted to a substantive challenge to the implicit legal conclusions of the PSI.  These assertions of error are neither "minor" nor "mechanical in nature." Id.  Rather, Pryor sought a "substantive alteration" of his criminal sentence.[3] Id. at 1164.  But Rule 36 is not an appropriate mechanism for raising such substantive challenges.  Id.  Accordingly, the district court did not err by denying Pryor's Rule 36 motion.

   **AFFIRMED.**

---

[3]If Pryor is correct in both of his assertions of error, then his criminal history points would be reduced by 4 points to a total of 12, rather than 16, which would yield a criminal history category of V rather than VI, thus lowering Pryor's advisory guidelines range.  See U.S.S.G. Sentencing Table (1995) (providing that 13 or more criminal history points yields a criminal history category of VI, while 10 to 12 criminal history points yields a criminal history category of V).  Accordingly, Pryor seeks to substantively alter his criminal sentence.