[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11269
Non-Argument Calendar
_____

D.C. Docket No. 1:90-cr-00768-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBERT RICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 16, 2019)

Before TJOFLAT, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

James Robert Rice appeals a district court order denying his motion to delete paragraph 34 of his presentence investigation report, pursuant to Federal Rule of Criminal Procedure 36.[1]  He contends that the district court erred in concluding that it could not grant relief under Rule 36.  Rice argues that paragraph 34 details a prior conviction that never happened for a crime he could not have committed, and because deleting the conviction would not affect his sentence, the district court had authority to grant relief under Rule 36.  He also argues that he sufficiently challenged the conviction at sentencing to preserve his objection on appeal. Finding that the district court correctly determined that it lacked the authority to grant relief under Rule 36 and that Rice waived his objection at sentencing, we affirm.

## I

### A

In 1990, Rice was charged with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 1); one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 2); one count of carrying a firearm during a drug

---

[1] Rice also appealed the district court's denial of reconsideration under Federal Rule of Civil Procedure 59(e), but he does not present any arguments challenging that denial in his brief.  Rice is therefore deemed to have abandoned the issue on appeal. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

trafficking crime, in violation of 18 U.S.C. § 924(c) and § 2 (Count 3); and one count of use of a deadly weapon to impede a federal agent, in violation of 18 U.S.C. § 111 (Count 4).  A jury convicted Rice on all four counts.

The government filed an information providing notice to Rice that due to his three prior convictions for felony drug offenses, a conviction on either Count 1 or Count 2 in this case would trigger a statutorily mandated life sentence under 21 U.S.C. § 841(b)(1)(A).  Rice received three criminal history points apiece for these three prior felony drug convictions in his PSI.  Paragraph 34 of Rice's PSI—the paragraph at issue on appeal—detailed a *fourth* felony drug conviction for which Rice received three criminal history points, which involved a conspiracy to possess and sell marijuana smuggled into Charlotte, North Carolina by plane from South America.  This conviction was not cited by the government in its information as a predicate offense supporting his mandatory life sentence.  Rice was ultimately classified as a career offender, with a criminal history category of VI and an offense level of 37.

**B**

Rice objected to the PSI on many grounds, but he specifically asserted that the four felony drug convictions in the criminal history section of his PSI— including his conviction in paragraph 34—were "constitutionally infirm,"  as "there was an inadequate factual basis for the trial courts in the aforementioned

four cases to have accepted a guilty plea." At sentencing, the district court specifically asked Rice whether he affirmed or denied his previous convictions. Rice replied that he "den[ied] them against affirming them." He stated that his "plea was sort of a convenient plea" and that he didn't "think that any of them was valid or correct when they [were] charged." Rice went on to testify that "[i]t [wa]s not [him], it [wa]s 100 different people. [He was] the one that went into court, and [he pleaded] to one, and they said [he] was guilty of all. . . . [A]ll of them [are] incorrect." Rice, however, made no assertion that the conviction in paragraph 34 either did not or could not have happened.

At sentencing, the district court told Rice that because this was his "fifth drug conviction . . . [he] must be considered a career offender." Rice was therefore sentenced to concurrent terms of life imprisonment for Counts 1 and 2, a concurrent term of ten years' imprisonment for Count 4, and a consecutive term of five years' imprisonment for Count 3.

## C

In 2017, Rice filed a *pro se* motion seeking to delete paragraph 34 from his PSI, under Federal Rule of Criminal Procedure 36. He asserts that paragraph 34's inclusion in the PSI was a clerical error, as he was never charged or convicted for the crime it details—indeed, he contends that it would have been impossible for him to commit that crime as he was incarcerated in Florida at the time. In support

4

of his motion, Rice submitted a sworn affidavit, a purported letter from his attorney stating that he never represented Rice in that case and that he had "no knowledge of the charges set forth in any part of the [PSI] filed in the case," and a purported letter from a state court judge in Wake County, North Carolina stating that the judge had no information about the conviction and that there was "no record of that in our system under your name."

The government responded by asserting that the district court had no jurisdiction to grant relief under Rule 36, as it only allows for clerical corrections—not substantive changes. The district court agreed, denying Rice's motion on three grounds: (1) "even if Rule 36 could be used to amend the PS[I] to delete the crime in [p]aragraph 34, such deletion would not affect, much less change, [Rice's] life sentence"; (2) Rice "admitted the factual accuracy of the PS[I] because he failed to notify the [c]ourt that [p]aragraph 34 was not his crime at [the] time of sentencing in 1991"; and (3) the district court lacked "jurisdiction to grant" Rice's motion under Rule 36, because "an amendment of his PS[I] on the grounds requested would not be merely a clerical error correction but rather would be substantive in nature."

**II**

We review the district court's application of Rule 36 *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam). Rule 36 provides

that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *Portillo*, 363 F.3d at 1164 (internal quotation marks omitted) (citations omitted). In *Portillo*, this Court favorably cited Second Circuit precedent holding that "a district court has no jurisdiction to correct a defendant's sentence where the corrections are aimed at remedying errors of law rather than mere transcription." *Id.* (citing *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)). Examples of clerical errors include arithmetic mistakes, *United States v. Edwards*, 728 F.3d 1286, 1297 n.8 (11th Cir. 2013), misstated statute numbers, *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (per curiam), and discrepancies between a district court's oral and written judgments, *Portillo*, 363 F.3d at 1164.

## A

Here, the district court correctly concluded that it lacked authority to grant relief under Rule 36. Rice did not seek to correct a "minor and mechanical" clerical error, or an error "arising from oversight or omission": The record does not show that the facts in paragraph 34 were included by mistake or that the parties agreed that they never occurred. *Portillo*, 363 F.3d at 1165; Fed. R. Crim. P. 36. Rice is trying to delete a conviction that gave him three criminal history points and

that was a relevant—although admittedly nonessential—consideration in the district court's assessment of Rice's career offender status:  The judge stated that because this was Rice's "*fifth* drug conviction . . . [he] must be considered a career offender." (emphasis added).  Just because removing paragraph 34 would not change Rice's sentence does not mean that its inclusion was a clerical error— deleting paragraph 34 would substantively alter Rice's PSI.[2]  The district court, therefore, did not have the jurisdiction to delete paragraph 34 under Rule 36.

**B**

If a defendant does not specifically and clearly object to facts in the PSI, he waives any objection to them.  *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam).  When a defendant fails to object to facts about prior convictions in the PSI, he will be "deemed to have admitted those facts."  *Id.* at 833–34 (citations omitted).  Even if the district court *did* have the authority to grant Rice relief under Rule 36, it correctly denied it:  Rice did not timely object that he was never convicted of the offense in paragraph 34, so he waived his objection to that fact and is deemed to have admitted it.  *See id.*  Rice arguing that his

---

[2] *See, e.g.*, *United States v. Ratliff*, 735 F. App'x 702, 704 (11th Cir. 2018) (per curiam) (finding that "an error concerning . . . prior convictions in the PSI . . . cannot properly be deemed clerical," because "editing a defendant's criminal history as set forth in the PSI could impact his status as a career offender, the calculation of criminal history points, or the length of his sentence"); *United States v. Pryor*, 631 F. App'x 844, 846 (11th Cir. 2015) (per curiam) (stating that a defendant's argument that he was not convicted for an offense listed in his PSI "amounted to a substantive challenge to the material factual findings of the PSI," not a request for a clerical adjustment).

convictions were "constitutionally infirm," or that he was not guilty of those offenses, does not constitute a specific and clear objection that the conviction in paragraph 34 ether *did not* or *could not* have happened.  Thus, Rice waived his objection to the existence of this conviction at sentencing.

## III

Because deleting paragraph 34 would substantively alter Rice's PSI, and because Rice waived his present objection to paragraph 34 at sentencing, the district court correctly denied his motion under Rule 36.  Accordingly, we affirm.

**AFFIRMED.**

8