[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17410
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00070-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 21, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Shane Jones, proceeding pro se, appeals the district court's denial of his

motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in

the presentence investigation report ("PSR") and the district court's judgment. After careful review, we affirm.

## I.

In 2011, Jones pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). Although the indictment alleged that Jones's offense involved "five (5) grams or more" of cocaine base, Jones's plea agreement specified that "for purposes of this plea and as it impacts the mandatory minimum sentence of imprisonment pursuant to Section 841(b)(1)(B)(iii), [Jones's offense] involved an amount of cocaine base in excess of twenty-eight (28) grams."[1] The PSR listed 33.6 grams of cocaine base as the amount that was found in Jones's possession. At sentencing, Jones told the district court he accepted the figure of 33.6 grams. He acknowledged that because he possessed more than 28 grams of cocaine base, he faced a mandatory minimum sentence of 10-years imprisonment. Jones asked the district court to impose the mandatory minimum as his sentence, and the district court did. It then entered the judgment in Jones's case. The judgment stated that Jones was convicted of possession with intent to distribute "28 [g]rams or [m]ore" of cocaine base.

---

[1] Section 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, requires 28 grams or more of cocaine base to trigger the 10-year mandatory minimum sentence that applies when the defendant has a prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B)(iii); United States v. Berry, 701 F.3d 374, 377 n.3 (11th Cir. 2012) (per curiam).

Jones appealed his sentence.  See United States v. Jones, 491 F. App'x 160 (11th Cir. 2012) (per curiam) (unpublished).  He argued that the amount of cocaine base necessary to support the 10-year mandatory minimum sentence was "neither found by the district court nor admitted by him."  Id. at 161.  We rejected this argument, explaining that Jones accepted the finding of 33.6 grams at sentencing.  Id. at 161–62.

In November 2016, Jones filed a motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in the PSR and the judgment.  He argued that the discrepancy between the amount of cocaine base alleged in the indictment (five grams or more) and the amount stated in the PSR and the judgment (28 grams or more) was a "clerical error" that should be corrected under Rule 36.  The district court denied Jones's motion, and Jones timely appealed.

## II.

We review de novo the district court's application of Rule 36.  United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam).  Under that rule, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  The district court denied Jones's Rule 36 motion because the drug quantity he sought to "correct" was not "clerical" in nature, but rather was a "substantive decision on the merits."  We affirm the district court.

3

In order to fall within the scope of Rule 36, the requested change must be "clerical" or it must correct an error that resulted from "oversight or omission." Id. The change Jones seeks is neither. It is not clerical because changing the quantity of cocaine base involved in his offense is not "minor [or] mechanical in nature." See Portillo, 363 F.3d at 1165. To the contrary, the quantity of cocaine base listed in the judgment and PSR triggered Jones's mandatory minimum sentence. Reducing that quantity would therefore effect a "substantive alteration to [his] criminal sentence," and Rule 36 cannot be used for that purpose. Id. at 1164 (quotation omitted). Neither did the amount of cocaine base listed in the judgment and PSR arise from "oversight or omission." See Fed. R. Crim. P. 36. The record makes clear that the district court and the parties intended for Jones to be sentenced on the basis of 33.6 grams of cocaine base.

Because the alleged errors that Jones seeks to have corrected are beyond the scope of Rule 36, the district court was right to deny his motion.

**AFFIRMED.**

4