[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12059
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00070-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE JONES,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 1, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shane Jones appeals the denial of his motion for a sentence reduction under

Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194

("First Step Act").  On appeal, he argues the district court erred when it held that it was not authorized to reduce his sentence.  After careful review, we affirm.

**I.**

In 2010, Jones was charged with conspiring to distribute and possess with the intent to distribute 500 grams of cocaine or more, in violation of 21 U.S.C. § 846 ("Count One").  He was also charged with possessing with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii) ("Count Two").  Jones pled guilty to Count Two pursuant to a plea agreement in which the government agreed to dismiss Count One.  In the statement of facts filed with the plea agreement, the government alleged that police searched Jones's car and found 33.6 grams of cocaine base.

At the plea hearing, Jones agreed that he possessed with intent to distribute more than five grams of cocaine base.  But he contested the government's allegation that he possessed 33.6 grams of cocaine base and claimed he in fact possessed 28 grams of powder cocaine and 5.6 grams of cocaine base.  The district court explained that, at the time Jones committed the offense, possessing five grams or more of cocaine base with a prior drug felony conviction was sufficient to trigger a ten-year mandatory sentence.  The court pointed out that the amount of cocaine base required to trigger the mandatory minimum had been amended by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair

2

Sentencing Act"), but explained that this change was not retroactive. However, the court noted that finding Jones possessed more than 28 grams of cocaine base would also trigger the ten-year mandatory minimum under the Fair Sentencing Act's amended cocaine base threshold, thereby "eliminat[ing] the retroactivity question." Jones reserved the right to challenge at sentencing whether he possessed more than 28 grams of cocaine base.

The presentence investigation report ("PSR") recommended holding Jones responsible for 33.6 grams of cocaine base and assigned him an offense level of 34 and a criminal history category of VI. The PSR calculated a guideline range of 262- to 327-months imprisonment. As relevant here, Jones objected to the drug amount and argued he should be held responsible for 5 grams of cocaine base and 28 grams of powder cocaine.

At the sentencing hearing, Jones conceded "for purposes of sentencing" that he was in possession of 33.6 grams of cocaine base. Through counsel, he stated that he made this concession "because it sets a table-bottom of ten-year minimum mandatory" which is the sentence he was "looking at for a starting point." At the hearing, the district court sentenced Jones to 120-months imprisonment, which was the mandatory minimum, followed by 8-years supervised release. The judgment reflected that Johnson's conviction was for possession with intent to distribute 28 grams or more of cocaine base.

3

Jones appealed.  He argued that his sentence should be vacated under the Fair Sentencing Act, under which a defendant with a prior conviction under 21 U.S.C. § 841(b)(1)(B)(iii) must possess with intent to distribute 28 grams of cocaine base or more to trigger a ten-year mandatory minimum sentence.  United States v. Shane Jones, 491 F. App'x 160, 161 (11th Cir. 2012) (per curiam) (unpublished).  Jones asserted that he did not admit, and the district court did not find, that he possessed with intent to distribute 28 grams or more of cocaine base. Id.  The panel rejected this argument, reasoning that at the sentencing hearing Jones "told the district court that he accepted the figure of 33.6 grams of crack cocaine" and "indicated that, as a result, the mandatory minimum sentence he faced was ten years imprisonment."  Id. at 161–62.  The panel affirmed the district court's sentence.  Id. at 163.

In 2016, Jones moved to correct a clerical error in the PSR and judgment, arguing that the discrepancy between the amount of cocaine base alleged in the indictment (5 grams or more) and the amount stated in the PSR and judgment (28 grams or more) was a clerical error that required correction pursuant to Federal Rule of Criminal Procedure 36.  The district court denied the motion and Jones appealed.  A panel of this Court affirmed, holding that "[t]he record makes clear that the district court and the parties intended for Jones to be sentenced on the basis

of 33.6 grams of cocaine base." United States v. Shane Jones, 704 F. App'x 843, 845 (11th Cir. 2017) (per curiam) (unpublished).

In February 2019, Jones filed a motion seeking modification of his sentence pursuant to 18 U.S.C.§ 3582(c)(2) and the First Step Act.  The district court denied the motion.  It reasoned that Jones was originally sentenced based on the Fair Sentencing Act's revised cocaine base amounts.  And, because Jones admitted he was responsible for 33.6 grams of cocaine base, which "is between 28 and 280 [grams], just as it is between 5 and 50" grams, he would still face a ten-year mandatory minimum sentence even if he hadn't originally been resentenced under the Fair Sentencing Act.  Jones appealed.

## II.

We review de novo the district court's authority to modify a term of imprisonment.  United States v. Steven Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act.  Id.

## III.

Jones argues that under the First Step Act he is eligible to be resentenced under the Fair Sentencing Act's revised cocaine base amounts.  Because the district court correctly held that he was already sentenced in accordance with the Fair Sentencing Act's revised cocaine base amounts, we affirm.

The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine.  See Dorsey v. United States, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012) (describing the legislative history of the Fair Sentencing Act).  Section 2 of the Fair Sentencing Act increased the threshold amount of cocaine base necessary to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(2).  In 2018, Congress enacted the First Step Act, which made retroactive the Fair Sentencing Act's modifications of statutory penalties.  See First Step Act § 404.  Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Id. § 404(b).  Covered offenses are those that "triggered a statutory penalty that has since been modified by the Fair Sentencing Act."  Steven Jones, 962 F.3d at 1298.

The First Step Act does not authorize courts to entertain motions for reduction of sentence "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."  First Step Act § 404(c).  In Jones, this Court interpreted this provision to mean that "the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant."  962 F.3d at 1303.  "If the movant's

6

sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." Id.

Here, the district court did not err in holding that Jones was not eligible for relief because he "was originally sentenced based on the Fair Sentencing Act." Jones conceded at his sentencing hearing that he was in possession of 33.6 grams of cocaine base, not 5.6 grams as he initially maintained at his plea colloquy. In sentencing Jones to the mandatory minimum ten-years imprisonment, the district court weighed the fact that 33.6 grams was "just a little bit more than the amount that's the minimum to get [the] minimum mandatory [sentence]" under the Fair Sentencing Act. This amount would still trigger the ten-year mandatory minimum if Jones were resentenced under the current version of 21 U.S.C. § 841, as amended by the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(B)(iii). Thus, Jones has already received the minimum statutory sentence under the Fair Sentencing Act and the district court lacked the authority to reduce his sentence. See Steven Jones, 962 F.3d at 1303.

Jones argues that his concession at sentencing does not preclude relief under the First Step Act under the doctrine of collateral estoppel. He claims that the "only fact essential to the earlier conviction and sentence" was that he had five grams or more of cocaine base, so any concession to a greater amount was

7

"irrelevant."  This argument is without merit.  In <u>Steven Jones</u>, this Court held that in deciding motions for reduced sentences under the First Step Act, district courts are not prohibited "from relying on earlier judge-found facts that triggered statutory penalties that the Fair Sentencing Act later modified."  962 F.3d at 1303.  Here, the district court relied on the PSR and Jones's concession in finding that he possessed more than the 28-gram minimum under the Fair Sentencing Act.  The district court did not err by relying on this finding in denying Jones's motion for resentencing under the First Step Act.

Further, a panel of this Court previously held that "[t]he record makes clear that the district court and the parties intended for Jones to be sentenced on the basis of 33.6 grams of cocaine base."  <u>Shane Jones</u>, 704 F. App'x at 845.  This holding resolves any dispute over whether Jones's statutory minimum sentence was triggered by the 33.6-gram amount and is binding as the law of the case.  <u>See</u> <u>United States v. Anderson</u>, 772 F.3d 662, 668 (11th Cir. 2014) (holding that under the law-of-the-case doctrine, an appellate decision binds all subsequent proceedings in the same case and encompasses both findings of fact and conclusions of law).

8

## IV.

Because the district court could not further reduce Jones's sentence under the Fair Sentencing Act, it lacked the authority to grant relief under the First Step Act. We affirm the denial of Jones's request for resentencing.

**AFFIRMED.**