[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12317

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRAIG SIZER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20715-BB-1

————————————————

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Craig Sizer, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct an alleged error in his Presentence Investigation Report (PSI) and to be resentenced under the corrected PSI. Sizer asserts the district court erred in denying his motion because he requested only the correction of clerical errors, as permitted under Rule 36. Rather than responding, the Government has filed a motion for summary affirmance, contending Sizer failed to contest the district court's reason for denying his order, namely, its lack of jurisdiction in light of his pending appeal of the denial of a prior compassionate release motion, and that, regardless, affirmance was proper, as Rule 36 does not permit the relief that Sizer requested. After review,[1] we affirm.

As an initial matter, it appears the district court initially dismissed Sizer's Rule 36 motion for lack of jurisdiction, though it later clarified, pursuant to a motion for clarification, that it was denying his claims on the merits. Assuming, *arguendo*, that the district court dismissed the Rule 36 motion for lack of jurisdiction

---

[1] We review questions of the district court's subject matter jurisdiction *de novo*, even if raised for the first time on appeal. *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023). We also review the district court's application of Fed. R. Crim. P. 36 to correct a clerical error *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

23-12317                Opinion of the Court                3

instead of on the merits, doing so was error because Sizer's appeal of the denial of his previous compassionate release motion did not divest the district court of jurisdiction to adjudicate his Rule 36 motion because that portion of the case was not related to his compassionate release case that was on appeal. *See Johnson v. 3M Company*, 55 F.4th 1304, 1309 (11th Cir. 2022) (holding "an interlocutory appeal does not completely divest the district court of jurisdiction," and "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal" (quotation marks omitted)).

However, as we may affirm on any ground supported by the record, we turn to the merits of Sizer's claim, and here, the Government's position is clearly correct as a matter of law. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) ("[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." (quotation marks omitted)); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotation marks omitted). Clerical errors are "minor and mechanical in nature." *Id.* at 1165.

In his Rule 36 motion, Sizer asserted he was improperly sentenced due to an error in the PSI's loss amount calculation. He sought to both correct the purported error and to be resentenced based on the corrected PSI. Under our precedent, Rule 36 is not a proper vessel for seeking substantive alterations to a criminal sentence. *Id.* at 1164. Rather, attacks on the validity of a sentence must generally be brought under § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (stating collateral attacks on the validity of a federal conviction or sentence are typically brought under 28 U.S.C. § 2255). Accordingly, the relief sought by Sizer was unavailable to him under Rule 36.

Consequently, the Government's position is clearly correct as a matter of law, no substantial question exists as to the outcome of the case, and the Government is entitled to summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we GRANT the Government's motion for summary affirmance and AFFIRM the district court's denial of Sizer's Rule 36 motion.

**AFFIRMED.**